ELY
v.
HAWKINS.

----

ELY and Another *v.* HAWKINS and Others.

Suit by wards on the bond of their guardian. Pending a motion by the guardian to dismiss the action, the judge, out of Court, informed him and his attorney that they might go home, as he should sustain the motion. Subsequently, and in the absence of the defendant, he overruled the motion, tried the cause, and gave judgment for plaintiffs. The guardian afterward moved to have the judgment set aside, on the ground of sur-

prise, but his motion was overruled. He then filed a complaint to review the judgment, which was also refused, and from this judgment he appeals.

*Held*, that an appeal lies in such cases to this Court.

*Held*, also, that the refusal to set aside the first judgment for surprise, was such error in the proceeding as entitled the defendant to have the judgment reviewed.

*Held*, also, that until the removal of a guardian from his trust, the statute does not authorize a suit by his wards, on his bond, for the recovery of money in his hands.

*Semble.* That in a suit against a guardian by his ward for failure to report, as required by law, the statute does authorize a judgment for ten per cent. on the amount of trust funds in his hands.

APPEAL from the *Bartholomew* Common Pleas.

PERKINS, J.—*Ely* and *Miller* were sued on the bond given by the former, as guardian. The bond was joint in form, but joint and several in legal effect, under the statute of *Indiana.*

*Ely* had not, at the commencement of the suit, nor does it appear that he yet has, been removed from his office of guardian.

It was alleged, for breach of the bond, that he had failed to return inventories, and to apply the trust funds, as required by statute.

On appearing to the suit below, the defendants moved to dismiss it; the Court took the motion under advisement till near the close of the term, when, out of Court, the judge constituting it, informed the defendants and their attorney that they might go home, as he had made up his mind to sustain their motion, and dismiss the cause. They went home. The judge, however, on resuming his official sitting, did not dismiss the cause, but subsequently proceeded to try it; an attorney, without authority, voluntarily appearing on the trial for the defendants. The Court gave judgment against the defendants for the amount of money proved to be in the guardian's hands, and for 10 per cent. penalty on that amount.

At a subsequent term the defendants appeared, and moved, under the statute, that the judgment be set aside, on the ground of surprise, mistake, &c.; but, a new judge being on the bench, the Court refused to interfere, and reaffirmed the former judgment. The defendants then filed a complaint for

*Nov. Term,*
1860.
————
ELY
v.
HAWKINS.

*Saturday,*
*December* 8.

a review; but the Court still refused to disturb the former judgment, and they appealed from the judgment against them on the proceedings for review, to this Court. The several proceedings to vacate the judgment were instituted within the times required by the statutes. This appeal lies. Perk. Prac. p. 461.

Did the Court err in its judgment on the proceedings in review? The code provides that "the complaint for a review of the proceedings and judgment in a cause may be filed within three years, for any error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof, or for both causes, without leave of Court." This was, substantially, the rule in the old chancery practice. Perk. Prac. 460; Barton, Suit in Eq., p. 163. It did not apply to cases at law, but by our code it applies to all cases. In this case, the complaint for review was filed for alleged errors appearing on the face of the record.

It is claimed that the Court erred in refusing to set aside the first judgment for the causes of surprise, mistake and excusable neglect, and we think it did so. The defendants might have taken their appeal from that judgment; but they had the election to first try to obtain a new trial in the Court below. This follows from the fact that the code gives the remedies of the old chancery and law practices in a given suit. Here is one error, then, appearing on the face of the record of the proceedings sought to be reviewed, for which the Court should have reversed the judgment rendered in those proceedings.

But this is not the only one. The guardian sued, is still the guardian of the infants under the original appointment. That has not been revoked. The guardian has not been removed. Till such removal, we think the statute does not authorize a judgment against him in a suit by the infant wards, on his bond, for the recovery of the funds in his hands. But, perhaps, it does authorize, (2 R. S., § 9, p. 324,) in such suit against him, for failing to render, under oath, an account of receipts and expenditures once in two years, a judgment for 10 per cent. on the amount in his hands belonging to the

wards. See *Peck* v. *Braman*, 2 Blackf. 141. Here, then, is another error appearing on the face of the judgment sought to be reviewed. The Court having thus erred, its judgment, refusing the review, must be reversed, and the cause remanded; but with what instructions? It should be with instructions to that Court to do what it ought to have done on the hearing of the complaint for review.

The code provides that upon such hearing, "the Court may reverse or affirm the judgment, in whole or in part, or modify the same as the justice of the case may require, and award costs according to the rule prescribed for the awarding of costs in the Supreme Court on appeal. 2 R. S., § 591, p. 166; Perk. Prac. 460. In the case at bar, the error goes to the entire judgment. The Court below, then, should have reversed the judgment in the suit on the bond, at the costs of the plaintiff in that suit, and placed it back among the untried cases upon the docket; with leave to the defendants to answer, and both parties to proceed to the making up of issues for trial as though the cause had never been heard.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded with instructions to proceed as above indicated.

*S. Stansifer*, for appellants.
*W. Singleton*, for appellees.