Bonner, guardian, *v.* Evans, next friend.

1. Pleading which attacks the returns made by a guardian to the court of ordinary which have been examined and allowed by the court, should point out specifically the items of the returns on which the attack is made, and as to each should disclose the cause or ground of the attack. It is not enough to allege that the return for such and such a year is unlawful as to a specific amount, without pointing out the items alleged to be unlawful, and without stating in what the unlawfulness consists.

2. Fraud committed by the guardian upon the ordinary in procuring the allowance of his annual returns will vitiate the returns and their approval only in so far as the fraud extended. If it went to the whole of a return, the whole would be vitiated; if only to certain items, these only would be vitiated.

3. The guardian of the person and property of a lunatic is entitled to retain possession and control of his ward's effects so long as he continues guardian; and to deprive him of such possession and control before the ward is restored to sanity, it is necessary that his letters be revoked and another guardian appointed. If a next friend suing in behalf of the ward can maintain an action for waste committed by the guardian, or recover money in his hands, it can be done only in connection with a proceeding to remove the guardian and revoke his letters. A recovery for so much money, without any disposition of the case in so far as relates to removal or revocation, is contrary to law.

4. The court erred in not granting a new trial.

May 27, 1892.

Guardian and ward.   Action.   Pleading.   Fraud.
Before Judge McWhorter.   Taliaferro superior court.
August term, 1891.

Reported in the decision.

Horace M. Holden, for plaintiff in error.
John W. Hixon and John C. Hart, contra.

Simmons, Justice.

A petition against Bonner, guardian of Lydia T. Evans, a lunatic, for citation to account and settlement, for cancellation of the letters of guardianship, and for the appointment of some proper person as guardian, was presented to the ordinary by Rosa Lee Evans, as next of kin and an heir at law of said Lydia T.; and the ordinary ordered the guardian to show cause why the petition should not be granted. The case was transferred to the superior court by consent appeal. The defendant demurred to the petition, on the grounds that it failed to set forth a cause of action or to state wherein the returns were illegal, or that the remaining surety on his bond was insolvent. The demurrer having been sustained, except as to the allegation touching the insuffi-

v 89-42

ciency ot the bond, the plaintiff amended by setting forth various items of the returns which were alleged to be unlawful. To this amendment the defendant objected because it did not sufficiently allege or set forth any grounds of complaint or cause of action against him, or wherein the returns or charges were unlawful, or that he had wasted or mismanaged, or was wasting and mismanaging the ward's estate. The overruling of these objections is excepted to. The allegations of the petition as to the expenditures and returns were, in. substance, that the guardian had charged the ward, without an order from the proper court, with board and clothing, "as shown from said returns," and by this illegal course reduced the *corpus* of the estate, as shown by his last return, to $44.84; that the expenditures made by him were not lawful; that the labor of the ward was sufficient for his board and clothing, and "that said returns are illegal." The amendment was as follows:

Said Bonner received as guardian from Evans, the former guardian of said ward, $409.90. The returns of 1884 are unlawful, because Bonner makes unlawful charges of $77 for board of the ward for 1883, $16 for store account, and $29 for attorneys' fees. "Returns of 1885 of said O. P. Bonner guardian was unlawful, to, wit: to account for self for board and tobacco, $59.60. The returns of said O. P. Bonner as guardian for 1886 is unlawful, of about $80, the taxes included in this amount, the whole returns being $82 paid from the fund, and no part of same is lawful except the tax. The returns of the said O. P. Bonner for the year 1887 is unlawful to the amount of $15. The returns of said O. P. Bonner for the year 1888 is unlawful to the amount of $53. The returns of the said O. P. Bonner for the year 1889 is unlawful to the amount of $53.10. All of said returns is unlawful, making a total of $393.30 of the ward's money unlawfully used by said guardian, O. P.

Bonner.    He had no order from the court of ordinary to allow him to go into the *corpus* of the estate; and all the charges made for board and clothing are unlawful, because the labor of said ward was worth his board and clothing."

1. The objection as to the sufficiency of some of these allegations was well taken.    Where an attack is made upon returns which have been examined and allowed by the court of ordinary, it is incumbent upon the party who attacks them to show wherein they are unlawful, and in his pleading he should point out specifically the items of the returns on which the attack is made, and as to each should disclose the cause or ground of the attack.    It is not enough to allege, as the plaintiff did in this case, that the return for such and such a year is unlawful as to a specific amount, without pointing out the item alleged to be unlawful, and without stating in what the unlawfulness consists.

2. It is complained that the court charged the jury as follows: "An approval of the ordinary of an annual return of the guardianship, induced by fraudulent practices or representations of the guardian upon the ordinary to procure such approval, is inoperative and of no effect."    This instruction was erroneous, because the fraud of the guardian would vitiate the returns and their approval only in so far as the fraud extended.    If it went to the whole of the return, the whole would be vitiated; if only to certain items, those only would be vitiated.

3. It is alleged as error that the court instructed the jury to find generally for the defendant, or to find for the plaintiff whatever amount was found to be due by the defendant to the ward, but did not submit to them any question or issue touching the cancellation of the letters of guardianship, or whether the defendant should retain control and disburse as guardian any amount found to be due by him, or whether this amount should

be paid over by the defendant to some other person by whom it should be controlled and disbursed. The verdict was in favor of the plaintiff, for $209.70 ; and the judgment rendered thereon was that the plaintiff recover of the defendant that sum, and that the defendant pay over the same to the court of ordinary, to be turned over to some fit and proper person, after giving sufficient bond and security, for the benefit of the ward. It was objected that this verdict and judgment did not cover the issues made by the pleadings.

The guardian of the person and property of a lunatic is entitled to retain possession and control of his ward's effects so long as he continues guardian ; and to deprive him of such possession and control before the ward is restored to sanity, it is necessary that his letters be revoked and another guardian appointed. If a next friend suing in behalf of the ward can maintain an action for waste committed by the guardian, or recover money in his hands, it can be done only in connection with a proceeding to remove the guardian and revoke his letters. A recovery for so much money, without any disposition of the case in so far as relates to removal or revocation, was therefore contrary to law.

4. It follows that the court erred in not granting a new trial.                    *Judgment reversed.*