22626. CAROLINA LIFE INSURANCE COMPANY *v.* MURPHY.

STEPHENS, J. 1. A plea in abatement to a suit on a life-insurance policy, which alleges that the suit, in being brought within sixty days from the date of the death of the insured, is prematurely brought, because "it is provided in the policy sued upon that no suit shall be brought until after sixty days from the date of the filing of the proofs of loss," sets out a good defense in abatement of the suit, and was improperly stricken. This is true notwithstanding the copy of the policy attached to the petition contains no such provision.

2. In the absence of a request so to charge, it is not error for the court to fail to charge with reference to where the burden of proof lies. *Small* v. *Williams,* 87 *Ga.* 681 (13 S. E. 589); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53 (92 S. E. 391), and cit.

3. In a suit by a beneficiary against a life-insurance company to recover under a policy for the death of the insured, where the application for insurance, signed by the deceased, is attached to the policy, and by its terms the policy and the application constitute the entire contract, and all statements made by the insured, in the absence of fraud, shall be deemed representations and not warranties, where the defense interposed by the defendant is that the answers of the insured to certain questions in the application were false as to matters material to the risk, and that therefore the policy is void, and where the court several times explicitly instructs the jury that if the statements of the insured are false as to matters material to the risk a verdict should be found for the defendant, a further charge that if the jury should find that the insured made no misrepresentations and did not deceive the company or practice any fraud upon it, there should be a verdict for the plaintiff, and a

further charge that the cause of the insured's death "has no connective value with any fraud that the insured was guilty of in reference to some other disease," but the issue is whether a misrepresentation induced the company to issue the policy, do not constitute error as excluding from the jury a consideration of the defense interposed by the defendant.

4. Where, to a life-insurance policy which was issued to and accepted by the applicant who is the insured mentioned in the policy, there is attached to the policy, and under the terms of the policy made a part of the contract, the application for the issuance of the policy made by the insured, which contains answers to questions purported to have been made by him, the policy and the attached application constitute a binding contract upon the insured and the beneficiary. Upon the trial of a case against the company to recover under the policy, it was error as against the defendant to admit in evidence the testimony of a witness to the effect that the witness was present when the application was signed, and that no such questions as are contained in the application with the answers thereto were propounded to the insured, over objection by the defendant that the evidence sought to vary by parol the terms of a written contract, and that, since the policy and the application attached had been accepted by the insured, he and the beneficiary named in the policy were bound by the statements contained in the application. *Wilkins* v. *National Life and Accident Co.*, 23 *Ga. App.* 191 (2 c) (97 S. E. 879).

5. The court erred in striking the plea in abatement and in overruling the defendant's motion for a new trial.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 5, 1933.

*Hammond & Kennedy,* for plaintiff in error.
*Clarence L. Powell,* contra.