23342. BARROW COUNTY COTTON MILLS *v.* SAMS *et al.*

JENKINS, P. J. 1. A written contract, signed by partners, describing them as "cotton merchants," and by a corporation designated in part as "Cotton Mills," confirming a sale by the partnership to such mills of 200 "bales —grade mid. full style—growth and staple North Ga. full 15/16—price per pound even Jan. New York—shipment time Dec. or Jan. as ordered by mill—mills call," while stated in abbreviated and technical terms, set forth matters applicable only to cotton and understood by the cotton trade, and was not so vague, indefinite, lacking in description of the subject-matter, or statement of the time of performance, as to be invalid. Moreover, the answer and testimony for the defendant purchaser, in this suit against it by the sellers to recover an alleged balance due on the purchase-price, show that the nature and terms of the sale were well understood between the parties as having a clear and definite meaning. See *Allen* v. *Sams*, 31 *Ga. App.* 405, 413 (120 S. E. 808). The sale agreement in the instant case, unlike the contract in that decision, did not require the seller to take some necessary action to fix the price of the cotton within a specified time, but it automatically fixed the price as that existing at the end of the following January, if the purchaser made no call for the cotton by that time.

2. It was not error to overrule the demurrer to the petition, based upon the alleged deficiencies in the written agreement sued upon, or to overrule the defendant's motion for new trial upon the general grounds or the special grounds based upon that contention.

3. The admission of the plaintiff's evidence of the usual custom and understanding of the trade as to the intended weight of the bales stated in the contract, without qualifying the witness or showing facts necessary to render such a custom binding upon the defendant (*Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434, 122 S. E. 327; *Potts* v. *Moultrie Bkg. Co.*, 22 *Ga. App.* 498 (2) 96 S. E. 502), if erroneous, was not prejudicial to the defendant, since the witness was permitted to testify, without exception, to similar facts,—that the bales meant "running bales," and were sometimes intended to be equivalent to 500 pounds, but under the contract only "bales of cotton as were turned out by the gin were delivered;" since invoices showing the weights of the bales delivered as slightly less than 500 pounds each were admitted without objection,

and the recovery was based on this smaller weight of the cotton, rather than on the larger amount according to a 500-pound weight; and since the defendant by its pleading and evidence did not question the weights of the delivered cotton sued for, but relied upon payment under an alleged novation in the purchase-price per pound.

4. It was not error to admit in evidence a letter from the defendant purchaser to the plaintiff sellers,—in effect stating that, if the cotton in question was delivered, the purchaser would pay the price as fixed by it according to its construction of the agreement, and as to the balance, which the sellers contended would be due, it would arbitrate the question of liability for such difference,—over the objection that it was an offer of compromise. The defendant pleaded, and offered testimony to show, that, after the original agreement was made, there was a new agreement fixing the price at the amount which it paid when the cotton was delivered, and that it had thus made full settlement and payment. This letter tended to show that no final settlement was made and that there was no full payment according to the alleged novation, but that the parties recognized that the plaintiff still claimed an additional liability, which the defendant was willing to arbitrate. For this purpose, the letter was competent evidence, as tending to rebut the testimony of the defendant. It contained no express or implied admission of liability, but insisted upon "the contract price as fixed by us." It was not an offer to compromise a controversy over a completed transaction, but illustrated the intention of the parties in the course of the transaction as to what should be the purchase-price of the cotton when the delivery under the contract was made.

5. There is no merit in the exceptions to the admission of testimony for the plaintiff as to the time when the market price of the cotton in New York should be considered as fixed under the original contract, since this appears without question from the answer of the defendant and other testimony, which was admitted without objection.

6. The only material issue under the pleadings and evidence was whether or not, on the expiration date for fixing the price of the cotton, January 24, 1930, the parties made a novation in the original contract, and changed the price from that existing on that date to the price for the following March, and whether payment was to be made according to this lesser amount or the original amount. Upon this issue the evidence was conflicting, but authorized the verdict for the plaintiff.

7. Exception is taken to the refusal of the court to charge, "the burden is on the plaintiff . . to prove their case by a preponderance of the evidence. You may consider the number of witnesses, though the preponderance is not necessarily with the greater number." While it is true that a failure to charge on the preponderance of evidence and the burden, or shifting of the burden, of proof will not require a new trial in the absence of timely written request (*Askew* v. *Amos*, 147 *Ga.* 613 (5), 95 S. E. 5); *Albany Warehouse Co.* v. *Hillman*, 147 *Ga.* 490, 94 S. E. 569), but will generally be reversible error where there has been such a request, yet "where the defendant admits a prima facie case and sets up an affirmative defense, it is not error . . to charge the jury that the defendant must prove his defense by a preponderance of the evidence."

In the instant case the defendant, by admitting in its answer the execution of the contract sued upon and the agreed purchase-price thereunder, substantially as alleged, in effect admitted a prima facie case, and relied upon its special defense of a novation in this original contract as to the purchase-price. The burden being upon the defendant to prove such defense, it was not error to fail to charge that the burden was on the plaintiffs to prove their case by a preponderance of evidence.

8. The court did not err in instructing the jury as to returning interest on the principal found for the plaintiff, as a liquidated demand, and the verdict and judgment were not illegal in including such interest. The amount to be paid by the defendant was rendered "fixed and certain" (Civil Code of 1910, § 3434), in accordance with the contract that the amount should be the market price at the time and place specified, by the fixing of such price when the time therefor arrived; and there was no issue as to such amount, if the jury found (as they did) adversely to the defendant's contention that the alleged novation had moved forward the time for fixing the price to a later date. See *Bartee* v. *Andrews*, 18 *Ga.* 407; *Council* v. *Hixon*, 11 *Ga. App.* 818, 829 (76 S. E. 603).

9. Other alleged errors in the admission of evidence and in the charge relate to immaterial matters, or can not be accounted prejudicial to the defendant.  *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 29, 1934.

*Clifford Pratt,* for plaintiff in error.
*Joseph D. Quillian, G. F. Kelley,* contra.