25546. DILLON, next friend, *v.* SILLS, guardian.

Decided September 26, 1936.

*Joseph J. Hopkins,* for plaintiff.

*Watkins, Grant & Watkins,* for defendant.

Jenkins, P. J. ▮ If an ordinary knows or is informed that a guardian under his jurisdiction wastes or in any manner mismanages the property of the ward, the ordinary "shall cite such guardian to answer to such charge at some regular term of the court, when, upon investigation of his action, the ordinary may, in his discretion, revoke his letters, or pass such other order as in his judgment is expedient under the circumstances of each case." Code, § 49-232. This and other statutes with regard to returns by and removal of guardians of minors are applicable to guardians of incompetent world-war veterans and other persons of unsound mind. §§ 49-618, 49-811. Where, as in the instant case, the ordinary makes an order denying a petition by an incompetent world-war veteran through a next friend, praying for the removal of the guardian and the appointment of a new guardian, for an accounting and recovery of moneys due, and for other relief, on account of alleged returns by the guardian without proper vouchers and a devastavit as to certain amounts, an appeal from such a decision will lie to the superior court. Code, §§ 2-3401, 6-201; *Teasley* v. *Campbell,* 133 *Ga.* 545 (66 S. E. 273) ; *Pierce* v. *Felts,* 146 *Ga.* 809 (92 S. E. 541).

▮ "The allowance to a guardian, of his account, by the court of ordinary, is prima facie evidence of the existence of all the facts, the existence of which is necessary to make the allowance right. Such evidence is subject to be rebutted." *Rolfe* v. *Rolfe,* 15 *Ga.* 451; *Brown* v. *Wright,* 5 *Ga.* 29; *Peavy* v. *Clemons,* 10 *Ga. App.* 507 (73 S. E. 756); Code, § 49-230. Fraud committed on the ordinary by the guardian in procuring the allowance of an entire return or of a particular item, or other illegality as to the whole return or specific amounts, may be shown; but the burden rests upon the attacking party, and an attack on a specific item must show a good ground of fraud or illegal conduct. See *Bonner* v. *Evans,* 89 *Ga.* 656 (15 S. E. 906). In the trial in the

superior court of the instant appeal by the next friend of the ward, the undisputed testimony showed that the ordinary had previously approved the returns under attack. There was no testimony to indicate any fraud. Testimony for the next friend tended to show that there were no recorded vouchers to support certain items in the returns, and that the guardian had used certain of these amounts without expending them directly upon the ward. However, the testimony of the guardian authorized a finding that he had delivered or exhibited to the ordinary proper receipts as to all items, and had properly accounted to the ward for the moneys due him. Therefore, upon the verdict in favor of the guardian, the court did not err, on the general grounds, in denying the motion for new trial.

■ Exception is taken to the admission of testimony by the guardian that a deceased former head of the Veterans Bureau orally approved the division of the amounts of the veteran ward's monthly compensation checks in the expenditures which the guardian, his father, had made in retaining a certain amount to cover board and lodging and in giving the balance to the ward for spending money. The ground is without merit, since the approved brief of the evidence shows that other similar testimony was admitted without objection, and part of the testimony excepted to was relevant and not subject to the ground of attack. See *Scott* v. *Scott*, 51 *Ga. App.* 94 (179 S. E. 593), and cit.; *McCowen* v. *McCord*, 49 *Ga. App.* 358 (6) (175 S. E. 593); *Harris* v. *Berry*, 49 *Ga. App.* 235 (7) (174 S. E. 813).

■ The court refused to give in charge to the jury the following requested instruction: "Every guardian in making his annual return should lay his account accompanied by vouchers before the ordinary, plainly setting forth with sufficient certainty his charges against his ward. The account is the case he should prove. The vouchers are his evidence to support it. Failure to have and file such vouchers is an omission of duty, and therefore a breach of trust, and throws on the guardian the burden of proving to the satisfaction of the jury that he has discharged the duty of his trust with fidelity." While there was evidence that certain vouchers were not found recorded, and this might have authorized the inference that the guardian did not present them with his account to the ordinary, the guardian testified, without dispute,

that he had presented all vouchers, and his account was approved by the ordinary. Thus the allowance of the account by the ordinary created a presumption in favor of the guardian, and the burden was on the objector to show any illegality or breach of trust. While part of the requested charge contains some of the language used in *Hendry* v. *Hurst*, 22 *Ga.* 312, 316, it does not embody portions favorable to a guardian, does not consider the instant guardian's testimony and contention, or the rule as to the prima facie correctness of the ordinary's approval of the account as expressed in the Code, § 49-230, and stated in paragraph 2 above. Therefore the court did not err in refusing the request.

■ The movant excepts to an instruction that "the burden rests upon the plaintiff, the movant in this case, to sustain by a preponderance of the testimony his contentions in the case," on the grounds that it was confusing and misleading, that it failed to instruct the jury on the subject of a shift of the burden which arose during the progress of the case, under the plaintiff's evidence, and required the guardian then to show that he had properly accounted for all proceeds. "A charge which is abstractly correct is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Winn* v. *Bridges,* 144 *Ga.* 497 (3) (87 S. E. 665); *Gainesville Coca-Cola Bottling Co.* v. *Stewart,* 51 *Ga. App.* 102 (3), 104 (179 S. E. 734). In the absence of a timely written request, it is not error to fail to charge as to shifts in the burden of proof or of proceeding created under the evidence. *Barrow County Cotton Mills* v. *Sams,* 48 *Ga. App.* 357 (7) (172 S. E. 820); *Carolina Life Insurance Co.* v. *Murphy,* 47 *Ga. App.* 425 (2) (170 S. E. 817). The instruction being correct as to the original burden, and there being no request to charge as to a shifting of the burden, the exception shows no cause for a reversal.

■ "If a next friend suing in behalf of the ward can maintain an action for waste committed by the guardian, or recover money in his hands, it can be done only in connection with a proceeding to remove the guardian and revoke his letters. A recovery for so much money, without any disposition of the case in so far as relates to removal or revocation, is contrary to law." *Bonner* v. *Evans,* supra; *Holcombe* v. *Lastinger,* 46 *Ga. App.* 320 (167 S. E. 605). The instant proceeding by the next friend being essen-

tially for a removal of the guardian and a recovery of moneys under the alleged waste, the primary issue was whether the guardian should be removed; and independently of a removal, the plaintiff was not entitled to recover the amounts claimed. The plaintiff excepts to a charge that if the jury believed the guardian was guilty of mismanagement or improper expenditures, but that his conduct was not such that he should be removed, they should so find, but should also find the amount of moneys improperly expended, and render a verdict therefor with interest. The plaintiff also excepts to an instruction as to the form of verdict, if the jury found that the guardian should not be removed, that "we find, however, that the guardian is indebted to the estate of the ward in the sum of .... dollars principal, and .... dollars interest, for which he has not accounted." A verdict was returned that the guardian should not be removed, and that he had accounted for all funds. Although, under the rule stated, the instructions were erroneous, the next friend can not complain, since the error was one entirely in his favor.

The remaining grounds, being neither argued nor insisted on by the plaintiff in error, are not determined.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*