### 26844. DILLON *v.* BESSANT *et al.*

DECIDED NOVEMBER 21, 1938.

*John J. Hennessy, William H. Boyd, W. G. Warnell, E. J. Goodwin,* for plaintiff in error.

*Oliver & Oliver, Gazan, Walsh & Bernstein,* contra.

GUERRY, J. Sadie Lee Bessant, a minor, instituted the present action in the superior court of Chatham County against John R. Dillon, for the conversion of personal property. The suit was thereafter amended to proceed against the defendant as the lawfully appointed and duly qualified guardian of the plaintiff, and one

Goette as surety on his bond. Goette, in response to a rule nisi to show cause why he should not be made a party, made certain objections to the amendment, all of which were overruled, to which rulings he filed exceptions pendente lite. Thereafter, the plaintiff filed an amendment setting up that since the filing of the last amendment she had become of age, and making Mrs. Bertha Beaupree a party plaintiff as her next friend. Dillon made a motion in the nature of a general demurrer to dismiss the action. The motion was overruled, and he excepted, naming Sadie Lee Bessant and Goette as parties defendant in error in this court. He also assigned error on the exceptions pendente lite of Goette.

1. The defendant can not in this court assign error on the action of the judge in overruling certain objections made by Goette to being made a party to the suit.

2. Pending the relationship of guardian and ward, the ward has no right to maintain a common-law action against his guardian, seeking damages for an alleged conversion of his property. *Bonner* v. *Evans,* 89 *Ga.* 656 (15 S. E. 906) ; *Holcombe* v. *Lastinger,* 46 *Ga. App.* 320 (167 S. E. 605) ; Woerner's American Law of Guardianship, 330, § 99; 28 C. J. 1245; McLane v. Curran, 133 Mass. 531 (43 Am. R. 535) ; Ely *v.* Hawkins, 15 Ind. 230; Gibbs *v.* Tum, 29 La. Ann. 526. The present action by the minor ward against his guardian on his bond, for a conversion, is nothing more than an action at law for recovery of damages. It contains no prayer for the removal of the guardian, or any allegation that the guardian has been removed or that the relationship has otherwise terminated. The petition failed to state a cause of action, and should have been dismissed on motion.

3. The accrual of a cause of action pending the proceeding, by the arrival of the ward at majority, does not affect this ruling.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*