65458. GEORGIA RETAIL ASSOCIATION v. GEORGIA PUBLIC SERVICE COMMISSION et al.

DEEN, Presiding Judge.

This is an appeal by the Georgia Retail Association ("GRA") from an order of the Fulton County Superior Court affirming the decision of the Georgia Public Service Commission ("Commission") in a 1981 electric rate increase proceeding commenced by the Georgia Power Company ("Company").

On November 24, 1981, the Commission granted the Company a $265.2 million non-fuel revenue increase that was to be spread equally among the three major customer classes (residential, industrial and commercial). GRA then sought judicial review by the superior court, complaining that the equal percentage method of allocation discriminated against the commercial class in violation of the equal protection guarantees of both the Constitution of the United States and the Constitution of the State of Georgia. Intervenors on behalf of the Commission included the Company, the Consumers' Utility Counsel, the Georgia Industrial Group, and the Georgia Poverty Rights Organization. In affirming the Commission's decision, the superior court ruled that the rate allocation had a rational basis supported by the evidence. GRA appealed to the Georgia Supreme Court, which transferred the case to this court on October 20, 1982, evidently because the case involved the application of a previously articulated constitutional standard to a set of facts, rather than a novel constitutional question.

Appellant asserts that the superior court erred in affirming the Commission's decision, because the decision unjustly discriminated

against the commercial class of electricity consumers by requiring it to supplement to an excessive degree the rates of the residential class of consumers, without requiring the industrial class of consumers to share the burden. For the following reasons, we agree with the superior court that this case is controlled by *Allied Chem. Corp. v. Ga. Power Co.,* 236 Ga. 548 (224 SE2d 396) (1976), and affirm.

It appears that appellant actually has waived any complaint that it was unjustly discriminatory to supplement the residential class. Appellant declined to argue this issue at trial, acknowledging that the superior court was bound by a previous supreme court decision; additionally, in its brief, appellant informed the court below that while it did not abandon the issue, it elected not to argue the issue at that level, reserving the right to raise the issue on appeal. In its order of affirmance, the superior court clearly did not rule upon this issue.

Matters to be considered on appeal, however, are limited to those which were urged before the trial court. *Kingston v. State,* 127 Ga. App. 660 (194 SE2d 675) (1972); *Kitchens v. State,* 228 Ga. 624 (187 SE2d 268) (1972). As appellant did not invoke a ruling from the superior court on the residential rate issue, there is nothing for the court to review. *Sheard v. State,* 121 Ga. App. 666 (1) (175 SE2d 148) (1970); *Hood v. Rice,* 225 Ga. 327 (168 SE2d 150) (1969).

In any event, in deciding that the rate increase should be allocated to the separate classes uniformly and equally on base rate revenue, the Commission exercised its delegated legislative function, and we may not substitute our discretion for that of the Commission unless the order is clearly unreasonable, arbitrary, or capricious. *Atlanta Gas Light Co. v. Ga. Pub. Serv. Comm.,* 152 Ga. App. 366 (262 SE2d 628) (1979). Further, no valid complaint under equal protection principles exists where the rates established for the various retail classes are founded upon a rational basis which is reasonably related to the legitimate ends of utility rate making. *Allied Chem. Corp. v. Ga. Power Co.,* supra.

The statistical forecast argued by appellant indicates that the equal allocation will result in the residential class paying 66 percent of the average return for the Company, while the commercial and industrial classes will pay 156 percent and 97 percent, respectively. Even assuming that the above percentages are accurate, and there were different estimates in the record, we do not find the impact to be without a rational basis or clearly unjust and capricious.

It has previously been determined that in setting rates the Commission may be significantly guided by non-cost factors, rather than being required to follow a pure cost of service approach. *Allied Chem. Corp. v. Ga. Power Co.,* supra. Relative to such factors, there was testimony before the Commission that the residential class was

unable to distribute additional burdens through its products or use of income tax deductions, as could the industrial and commercial classes. Further, there was evidence that keeping the cost for the industrial class as close as possible to the Company's cost of providing the service aided that class's competition with its interstate rivals, whereas the additional burden would not so adversely affect the commercial class because its competition was intrastate. There also was testimony that, despite the disparity in the percentages of the average return paid by the industrial and commercial classes, approximately 90 percent of the members of each class actually would be billed at the same PL-4 rate.

The Commission concluded that the equal rate allocation "comports with the Commission's previous decisions, maintains continuity, takes into consideration the ability of each class of customer, does not impact adversely on any class with respect to its respective competition and is logically consistent with a ratemaking proceeding not directly involving fuel costs." The evidence of record amply demonstrates the rational basis of the Commission's decision, and contraindicates caprice in the decision. Greater fairness might have resulted from placing more of the additional burden upon the industrial class, but as discussed above, that observation does not violate equal protection principles. *Allied Chem. Corp. v. Ga. Power Co.,* supra; Railway Exp. Agency v. New York, 336 U. S. 106 (69 SC 463, 93 LE 533) (1949).

*Judgment of the Fulton County Superior Court affirming the order of the Georgia Public Service Commission is affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 26, 1983.

*Sidney L. Moore, Jr.,* for appellant.
*James E. Joiner, C. Christopher Hagy, Victor M. Baird, Robert B. Remar, Ed Martin, Douglas L. Miller, Thomas C. Herman, Jim O. Llewellyn, Assistant Attorney General,* for appellees.