## 68699. SLUTZKY v. WARBINGTON.

DEEN, Presiding Judge.

Eugenia Slutzky brought a tort action against Robert Warbington, alleging that his gross negligence in operating his automobile while she was a passenger therein resulted in her sustaining certain injuries. Slutzky appeals from the entry of a judgment on a jury verdict in favor of the defendant.

1. Appellant first contends the trial court erred in failing to charge that Warbington carried the burden of proof as to his affirmative defense of assumption of the risk. The record shows that appellee

pleaded assumption of the risk as his fifth defense to the complaint, and that Slutzky's attorney did not file any requests to charge on the burden of proof. When making his objection to the court's failure to charge that the defendant had the burden of proof as to his affirmative defense, counsel admitted he did not include it in his requests to charge "since I never felt assumption of the risk was proper in this case."

It is not reversible error, in the absence of a timely written request, to omit the charge on burden of proof when the defense of assumption of the risk is raised. *Patillo v. Thompson*, 106 Ga. App. 808, 811 (128 SE2d 656) (1962). See also *Dillon v. Sills*, 54 Ga. App. 299 (187 SE 725) (1936); *Car. Life Ins. Co. v. Murphy*, 47 Ga. App. 425 (2) (170 SE 817) (1933).

2. Slutzky further contends that the trial court erred in charging the jury that the plaintiff's contributory negligence would bar her recovery. We can find no such charge in the transcript and in counsel's objection to charge; the only objection that even remotely complained about a charge on contributory negligence was an exception to the charge on damages. Counsel could not "recall the exact language, but creeping into that was some contributory or comparative negligence language." In his brief, he complains that the improper charge occurred on page 155 of the transcript. An examination of that page reveals the court's charge on assumption of the risk. Matters considered on appeal are limited to those urged before the trial court. *Ga. Retail Assn. v. Ga. Public Service Comm.*, 165 Ga. App. 208 (300 SE2d 544) (1983). Accordingly, this enumeration will not be considered.

3. Appellant claims that the trial court erred in failing to give her request to charge that a person's status as a guest passenger may change during the course of an automobile trip. Appellant's reliance upon *Blanchard v. Ogletree*, 41 Ga. App. 4 (152 SE 116) (1929), and *Adams v. Smith*, 129 Ga. App. 850 (201 SE2d 639) (1973), is misplaced. In the former case, the plaintiff protested against the rate of speed at which the defendant was driving and requested that she be allowed to leave the automobile and return to Atlanta on the train. In *Adams*, the plaintiff was seated on the front fender of the car when the speed of the car was increased. The plaintiff and another passenger requested the defendant to slow down. The defendant heard the requests, ignored them, and continued to accelerate before applying the brakes, causing the plaintiff to be injured when he fell into the road and was run over by the car.

The status of a guest passenger may change so that she need only prove ordinary negligence if she makes an affirmative statement or action to indicate that she is no longer a voluntary guest. *Blanchard v. Ogletree*, supra. In the present case, there was no evidence that the

plaintiff protested or made any objection as to where the defendant was going, that she requested to leave the car or that she did not wish to continue the trip.

Assuming, *arguendo*, that the trial court erred in granting the defendant's motion for a directed verdict on the issue of punitive damages sought under OCGA § 51-12-5 (Code Ann. § 105-2002), the issue is moot in view of this court's affirmance of the jury verdict. There can be no recovery of exemplary damages under this section unless there is also a recovery of compensatory damages. *Blanchard v. Westview Cemetery*, 133 Ga. App. 262 (211 SE2d 135) (1974), modified 234 Ga. 540 (216 SE2d 776) (1975); *Mayfield v. Ideal Enterprises*, 157 Ga. App. 266 (277 SE2d 62) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984.

*William D. Barwick*, for appellant.
*Frank E. Jenkins III, Judith A. Denney*, for appellee.