Atkinson, J.
1, 2. The repeated rulings of this court upon the questions of practice covered by the first two headnotes, which precede this opinion, render unnecessary an extended restatement of the reasons which have induced us to the conclusions reached; and we will, therefore, content ourselves with illustrating them by extracts from the motion for new trial, which will show the application of these rules to the record in the present case. There were a number of grounds of exception taken which fall within the rule announced in the first headnote, all of which contained a mere general objection to testimony which was admitted. All of them being similar in this respect, one example only is presented, and that is the example furnished by the first ground of the motion for new trial. It was as follows: “That the court erred in admitting, over the objection of defendants’ counsel, the testimony of the witness Fred A. Powers, as follows: That the firm of I. <fc S. Bing were subscribers to the Bradstreet Company ; that the firm of I. & S. Bing applied to the Bradstreet Company for information regarding the financial standing of Louis Herz, and that the firm received a statement in writing from said Bradstreet Company as to the financial condition of Louis Herz. That the firm of I. & S. Bing never had any transaction or dealings with the said Louis Herz before this time. That the firm placed implicit confidence in the statement, and consented to sell Louis Herz goods, believing his statement to be true. This firm would not have shipped goods to said Louis Herz had they not relied upon said statement, and would have extended him no credit whatever had they known the statement to be false. That this firm discovered the statement to be false on the 12th of September, 1893.” It will' be observed that there was no special reason submitted, by way of objection to the evidence, why it should be excluded by the court, and, therefore, none which this court can consider in reviewing the judgment of which complaint is made. It may have been objected to upon some ground which the court was authorized to overrule; and the burden being upon the party •alleging error to show it, it will be presumed that the objection actually made was not sound.
*617 The twelfth ground of the motion will serve as an illustration of the ruling announced in the second headnote. The ground was as follows: “Because the court erred in admitting in evidence the statement of the National Shoe and Leather Exchange, which was furnished to Frank & Adler, a copy of which is in the brief of evidence; the said Frank & Adler at the time not being parties to said case, and not seeking any relief against said defendants.” It has been repeatedly ruled that the proper place in which to specify the evidence, the admission or rejection of which is complained of, is in the ground of the motion for new trial. Identification of the particular evidence to which the objection refers is essential to the determination of the question as to whether the court erred in overruling the objection. It should be incorporated in the ground of the motion, because thus, in approving it, the court likewise identifies the evidence therein set out as that to which the objection related. If any other rule were adopted, this court, in looking through the great mass of documentary evidence introduced upon a protracted trial of complicated facts, might rest its judgment upon one document, while the objection really made in the court below might have related to another. An observance of these simple rules of practice will enable this court understandingly to review the rulings of trial judges.upon exceptions to testimony; and we commend their observance to the profession.
3, 4. We have carefully examined the voluminous record in this case, and find that the special questions of fact which were submitted to the jury were framed in accordance with, and authorized by, the pleadings and evidence in the case. There was sufficient evidence to support the verdict, and there is no reason why a new trial should be granted upon the facts of the case, or that the findings of the jury upon the questions of fact should be disturbed.
5. In addition to the exceptions taken in this case to the verdict, because of errors of law and errors of fact alleged to have been committed in reaching that verdict, there are certain other grounds of the motion which related to matters, occurring in the-course of the litigation subsequent to the rendi *618 tion of the verdict. Such errors of law can not be reached by a motion for a new trial. Such a motion embraces a re-examination of such errors of law and fact only as contributed to the verdict, and has been defined to be a re-examination of the facts only. Under our system of procedure, however, it extends beyond the mere examination of the facts, and may reach any error of law which, being committed on the trial of the case, contributed to bring about the verdict. To extend it to errors alleged to have been committed by the court subsequent to the rendition of the verdict would seem to be wholly unjustifiable. If the verdict was properly rendered, after a fair and legal trial, it would seem to be absurd to order a retrial of such questions because of mere errors of law committed after its rendition, and which in no way could contribute to bringing it about. Errors of the latter class are open to review by other means, and we are satisfied that they can not properly be considered on a motion for a new trial; therefore the trial judge committed no error in overruling the motion for a new trial, in so far as it rested upon such grounds.
6. It appears from the bill of exceptions that this case was tried at the May term, 1896, of the superior court of Macon county; that a motion for a new trial was made and an order granted continuing the same and assigning it for hearing in Vacation on June 15, 1896; that by orders successively granted, the motion for new trial came on to be heard, and was overruled on December 22, 1896. By a consent order passed at the May term, 1896, the judge was given “jurisdiction in vacation same as in term to enter final decree in said case.” On the 15th day of July then next ensuing, a final decree was made. Within thirty days from the date of the rendition of 'the order overruling the motion for new trial, the plaintiff filed a bill of exceptions assigning error upon this order. In the same bill of exceptions, exception was taken to rulings of the judge made in entering up the decree rendered on the 15th day of July next preceding the date of the order overruling the motion for new trial. Upon the hearing in this court, counsel for the defendant in error moved that the exceptions last mentioned, which went to the decree, be disre *619 garded, upon the ground that they were not filed within the time prescribed by law after the rendition of the judgment, to which, through them, exception was taken. In reply it was urged that the date of the final order passing upon the motion for new trial fixed the time within which exception could be taken to any rulings of the court made in the case. We think the exceptions to the rulings made in entering up the decree should be disregarded. The decree, according to the consent order, was entered in vacation as of the term; and therefore, if a party dissatisfied with such ruling desired to except, he should have filed exceptions pendente lite, and awaited the final action of the court upon the motion for new trial. As we have seen before, the motion for new trial drew to itself ■only such errors of law as affected and contributed to bringing about the verdict, and therefore could not serve the purpose of keeping alive exceptions not relating to the verdict, so as to authorize the consideration of such exceptions not taken within the time pointed out by law. A term of the court had intervened between the rendition of the decree in vacation and the time at which the bill of exceptions was finally presented, and more than thirty days had elapsed between these two dates. Inasmuch as the pendency of the motion for new trial did not have the effect to keep alive such exceptions, it is obvious that they were taken too late; and therefore, we are constrained to disregard assignments of error to which they relate.

Judgment affirmed.

All the Justices concurring, except Fish, J., disqualified.