MARTIN *v.* COWAN.

FISH, C. J.   1. In a claim case where the plaintiff in fi. fa. seeks to make out a prima facie case by showing possession in the defendant, it is incumbent on him to show such possession at the time of the rendition of the judgment, or at the time of the making of the levy, or at some time intermediate between the judgment and the levy.

2. In such a case where the levying officer amended his entry of levy by adding thereto, after the words "defendant in fi. fa.," the words "being in possession of the property levied upon;" and where the plaintiff in fi. fa. on the trial introduced also the testimony of witnesses which, as it appears in the record, is somewhat ambiguous and renders it uncertain whether the defendant was in possession either at the time of the rendition of the judgment, or at the time of the making of the levy, or between those dates, the presiding judge correctly refused to dismiss the levy, but erred in directing a verdict in favor of the plaintiff.   He should have submitted the case to the jury to determine what was the fact in regard to such possession.

*Judgment reversed.   All the Justices concur.*

MAY 11, 1910.          ,

Claim. Before Judge Whipple. Ben Hill superior court. May 3, 1909.

An execution against Martin was levied on a city lot of realty. He interposed a claim as head of a family, alleging that the property was not his, but belonged to four named minors, "the same being homesteaded and exempted property and the aforesaid children the beneficiaries of said homestead." On the date of trial the levying officer amended his entry of levy, as shown in the second headnote. As a witness he testified: "At the time of the levy the house was unoccupied; no one was living there. I think the defendant in fi. fa. was out of the county; don't know how long since defendant was in possession. Do not know whether he was in possession at the date of the judgment or not; defendant had at one time been in possession, but do not know how long it was before the date of the judgment. Property was pointed out to me as defendant's property, and I knew that he had lived there." One McDonald testified: "I put the defendant in possession of the property about two years prior to this time. Do not know whether he was living in the house at the time the judgment was rendered or at the date of the levy. I think defendant in fi. fa. was living out of the county last year. I saw him on the property several times afterwards; don't remember the last time I saw him there; and I do know he has been in possession of the property since the date of the judgment and before and since the date of the levy on this property." The court overruled a motion to dismiss the levy, and (there being no further evidence) directed a verdict finding the property subject. The claimant excepted.

*Eason & Bull,* for plaintiff in error. *J. B. Wall,* contra.