## LYON *v.* PIGNATEL, executrix.

In a suit by an executrix of a deceased payee on a note signed by two persons, where the plaintiff concedes the liability of one of them to be only that of a surety, and where the principal makes no defense, such principal is not incompetent to testify, on the trial of an issue formed by the surety, that he made an accord and satisfaction with the deceased payee. As the principal has filed no defense, and judgment against him is inevitable, and as he will not be affected by the discharge of the surety, his testimony in behalf of the surety is not in his own favor so as to disqualify him as a witness under the evidence act of 1889 (Civil Code 1910, § 5858).

DECEMBER 14, 1916.

Complaint. Before Judge Walker. Wilkes superior court. December 23, 1915.

*Clement E. Sutton,* for plaintiff in error.

*William Wynne* and *W. A. Slaton,* contra.

EVANS, P. J. T. B. Sale executed to T. Burwell Green his note for $500. The note contained this entry on the back of it. "I guarantee one half payment of within note. D. M. Lyon." The note was sued on by the executrix of the payee. The principal maker, Sale, made no defense. Lyon pleaded a discharge of liability because the payee had released Sale. On the trial it was

stipulated that Lyon's liability on the note was only that of a surety. A verdict was directed against the principal maker for the full amount, and against the surety for one half of the amount due on the note. The surety moved for a new trial, which was refused.

The surety offered to prove by the principal maker (Sale) that after the note became due, in consideration that the automobile for the purchase of which the note was given was to be used by the payee, the latter agreed to release the witness from the payment of the note, and that the witness had never told the surety anything concerning such agreement to release. The court repelled the testimony, on the ground that the witness was a party at interest and incompetent to testify in the suit brought on the note by the executrix of the deceased payee. The statute declares that where a suit is instituted by the personal representative of a deceased person, the opposite party shall not be permitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person. Civil Code (1910), § 5858 (1). If Sale had filed a defense of accord and satisfaction of the note by delivery of the car to the deceased payee for use by him, Sale would have been incompetent to testify as to such defense. Is the statute applicable where he files no defense, and is offered as witness in behalf of his surety to establish his surety's defense which is dependent on the witness's exoneration from the debt? The statute prohibits the witness from testifying in his own favor. If his testimony be not in his own favor but in favor of a codefendant, he is not disqualified as a witness. This is illustrated by the case of *Reed* v. *Baldwin*, 102 *Ga.* 80 (29 S. E. 140). There the executors of a deceased payee sued a husband and wife on a note signed by them as joint makers; the wife pleaded that the debt was her husband's, and she signed as his surety. It was held that the husband was a competent witness in support of the plea of the wife, because his testimony was not in his own favor, in that he sought to discharge his wife from liability as a joint principal. The principle of this was applied in *Hawes* v. *Glover*, 126 *Ga.* 305, 314 (55 S. E. 62). In the instant case Sale filed no defense; he is not offered as a witness in his own behalf; his testimony can not and will not affect his liability to the plaintiff; the discharge of his surety is of no concern or interest to him. His testimony can not be said to be in his own favor, because he is not affected by the

result of the issue between the plaintiff and his codefendant. We do not think that the witness, whose liability is not disputed by plea and where judgment against him is inevitable, is disqualified to testify to a transaction with the plaintiff's testate which exonerated the surety, notwithstanding the same testimony would relieve the witness had he made defense on that ground.

*Judgment reversed.* · *All the Justices concur.*