### 12622, 12654.  MASSEE v. PARROTT, executor, *et al.*

STEPHENS, J.  1.  Whether or not the act of 1916 modifying the usury laws of this State can be construed as in any wise affecting the established rule laid down by the Supreme Court and the Court of Appeals, that a surety on a promissory note containing a waiver of homestead infected with usury without the surety's knowledge is discharged from liability, the note here sued on to which this defense is pleaded, having been executed in the year 1914, can in no wise be affected by this act.

2. The maker being in default and therefore having no interest in the pending litigation, the court did not err in admitting in evidence, over objection of the plaintiff, testimony of the maker as to a transaction between him and the deceased holder of the note. *Lyon* v. *Pignatel*, 146 *Ga.* 272 (91 S. E. 53).

3. The undisputed evidence adduced upon the trial established, as a matter of law, such defense of discharge, made by the defendant as surety, and it was therefore, in the absence of any valid objection to the admission of evidence, error for the court to set aside the verdict rendered for the defendant surety. This is true even though it be assumed that any of the evidence necessary to support the verdict was, as contended by the plaintiff, inadmissible.

4. The failure of the losing party to object to evidence when offered amounts to his consent to the admissibility of the evidence, and a waiver of any objection thereto, and such evidence must, upon a motion for a new trial, be considered without reference to any inherent defect which might have rendered it inadmissible had proper objection been made thereto. See, in this connection, *Thomas* v. *Ellis*, 25 *Ga.* 137 (102 S. E. 868); *Bond* v. *Bennett*, 9 *Ga.* 9, 14; *Morrison* v. *Hays*, 19 *Ga.* 294. The trial judge had no discretion to consider the inadmissibility of such evidence and grant a new trial for such reason, in the absence of any exception in the motion for a new trial as to the admissibility of such evidence, where the verdict rendered was demanded by the evidence actually adduced upon the trial.

5. The above rulings operate to finally dispose of the case and sustain the verdict rendered for the defendant in the lower court; and, in view of such rulings, it is unnecessary to pass upon the assignments of error in the plaintiff's motion for a new trial, contained in the cross-bill of exceptions filed by the plaintiff, which do not except to the admissibility of the testimony offered by the defendant; and since the only assignment of error therein excepting to the admission of testimony is without merit, the judgment on the cross-bill is affirmed.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1922.

Complaint; from Pulaski superior court — Judge Graham. June 4, 1921.

*John R. L. Smith, Grady C. Harris,* for Massee.

*H. F. Lawson, R. S. Wimberly,* contra.