SPRAGGINS, administrator *v.* BROOKS.

1. In a claim case the plaintiff makes out a prima facie case by proving that the property claimed was in possession of the defendant in fi. fa. at the time of making the levy or at some time between the date of the judgment and that of the levy.

2. There was evidence tending to show that the defendant's title depended upon a contract between him and his father that the latter should give him the place if he would make certain improvements thereon, and further evidence to show that the son made the improvements contemplated in this agreement.  And the court did not err in instructing the jury that if they should find that there was such a contract or agreement, and there was performance on the part of the defendant in fi. fa., the jury would be authorized to find the property subject.

3. There was no contention on the part of the plaintiff that the defendant had been in possession of the land for twenty years, nor was any evidence submitted tending to show that he had been there for that period of time.  Prescriptive title by twenty years adverse possession was not involved under any of the issues made by the pleadings or the evidence; and the court should not have charged upon this subject.  But a new trial will not be granted because of the court's error in giving the charge, as the claimant could not, under the facts of this case, have been injured by it, it being perfectly apparent to the jury that that subject was not involved in the case.

4. Exceptions in a motion for new trial to the rulings ·of the court admitting evidence can not avail the movant, where the ground of the motion containing such exceptions fails to show what objections were urged to the admission of the testimony, and that such objections were urged at the proper time.

5. The evidence authorized the finding in favor of the plaintiff.

No. 3258.  JANUARY 23, 1923.

Claim. Before Judge Irwin. Paulding superior court. December 22, 1921.

*C. D. McGregor* and *Joe Abbott,* for plaintiff in error.

*R. E. L. Whitworth* and *W. E. Spinks,* contra.

BECK, P. J. The defendant in error held an execution against H. P. Foster, deceased, issued on a judgment dated February 18, 1910, and had the same levied by the sheriff on a certain lot of land. The plaintiff in error, as administrator of J. F. Foster deceased, interposed his claim, deposing that the title to the property was in his intestate. Upon the trial of the issue thus made, the jury found in favor of the plaintiff in execution. The claimant made a motion for new trial, which was overruled, and he excepted.

1. The plaintiff in fi. fa. submitted evidence from which the jury were authorized to find that the property claimed was in possession of the defendant in fi. fa. at some time between the judgment and the levy. When he did this, he made out a prima facie case. *Parsons* v. *Smith,* 119 *Ga.* 42 (45 S. E. 697); *Martin* v. *Cowan,* 134 *Ga.* 477 (68 S. E. 69); *Nation* v. *Jones, 3 Ga. App.* 83 (59 S. E. 330).

The defendant in fi. fa. died before the levy; and the court instructed the jury that if the defendant in fi. fa. was in possession of the land at the time of his death, under a claim of right, and was receiving the rents and profits therefrom, this would make a prima facie case and put the burden on the claimant to show by evidence that the title was in the estate of his intestate. As we have ruled above, possession by the defendant at the time of his death, a time between the date of the judgment and the levy, alone would have made a prima facie case; and the fact that the court charged that possession under a claim of right at that time would make a prima facie case affords no ground of complaint to the claimant, whatever ground of complaint it might have afforded the plaintiff had the finding of the jury been adverse to him.

2-5. The rulings made in headnotes 2 to 5, inclusive, require no elaboration.　　　*Judgment affirmed. All the Justices concur.*