## JACKSON *et al. v.* KIGHT & SONS.

1. The court did not err in overruling the general demurrer to the petition.
2. A paragraph of a petition charging that an insolvent debtor executed a voluntary conveyance for the purpose of hindering and delaying his creditors was not demurrable on the ground that it failed to charge that the grantees had knowledge of a fraudulent intent upon the part of the grantor.
3. Though a part of the charge of the court to the jury may not be pertinent to the issues involved, if it be so clearly irrelevant to such issues that the jury could not have been misled or confused by the giving of such instruction, a new trial will not be granted upon the ground that it was error to give it. It was error, but it was harmless.
4. The charge that if the deed in question in this case "was a voluntary conveyance on the part of [the grantor] and was fraudulently made with the intention of defeating his creditors, it would be void," was not error as against the movants; because a voluntary deed made by an insolvent debtor is void as against creditors whether made with intention to hinder and delay the collection of their claims or not.

No. 4525. JANUARY 16, 1925.

Claim. Before Judge Kent. Laurens superior court. July 31, 1924.

*G. C. Bidgood* and *T. E. Hightower,* for plaintiffs in error.

*R. Earl Camp,* contra.

BECK, P. J. A fi. fa. in favor of B. T. Kight & Sons against A. M. Jackson was levied upon land, and a claim thereto was interposed by A. M. Jackson, as agent of A. A. Jackson, W. H. Jackson, and as next friend of his minor children, I. J. Jackson and others. In aid of the levy the plaintiffs in fi. fa. filed an equitable petition, alleging that, subsequently to the date of the creation of the indebtedness that resulted in the judgment upon which the fi. fa. levied was based, A. M. Jackson, for the purpose of hindering, delaying, and defrauding the plaintiffs in fi. fa. and "other creditors," and without consideration, executed a deed conveying to his minor children 132 acres of land, the property in controversy, for an ostensible consideration of $1700 ; that the deed purports to have been executed on July 6, 1921, and recorded on December 28, 1921, when in fact it was executed on or about the 27th day of December, 1921, and was dated back as a part of the general scheme

to defraud; that the defendant was insolvent at the time of the conveyance; and that "the same was voluntary and without consideration, and made for the purpose of hindering, delaying, and defrauding his [A. M. Jackson's] creditors." The prayers were that the deed referred to be delivered up and canceled as fraudulent, and that the property in question be sold for the benefit of plaintiffs and other creditors; and for general relief.

The petition was demurred to on the grounds, that it set forth no cause of action; that no equitable cause of action was shown; that it was vague and indefinite; that it failed to name the other creditors for whom it was filed; and that it failed to charge that the claimants knew or had knowledge that the deed mentioned was made by the debtor with intent to defraud, hinder, and delay creditors, or that they had any knowledge of a fraudulent intent on his part. The demurrer was overruled. To this judgment the defendants filed and had approved their bill of exceptions pendente lite, and assigned error thereon in their final bill of exceptions. The case proceeded to trial, and a verdict finding the land subject was rendered by the jury trying the case. Claimants made a motion for a new trial, which was overruled, and they excepted.

1. The court did not err in overruling the demurrer. It was a general demurrer going to the entire petition, the prayer being that the demurrer be sustained and the petition dismissed. A special demurrer to the paragraphs in the petition alleging that the deed was executed to defraud plaintiffs in fi. fa., "and other creditors," and to the prayer that the property described be sold for the benefit of plaintiffs and "other creditors," would have required an amendment setting forth the names of the other creditors, or showing some excuse for a failure to name the other creditors. But the failure to set forth the names of the "other creditors" and the amount of their claims was not ground for dismissing the petition. Besides, if the reference in the petition to "other creditors" had been stricken, the issues in the case would have been the same.

2. In the petition the plaintiffs allege that the defendant was insolvent at the time of the execution of the deed; that the same was voluntary and without consideration, and made for the purpose of defrauding creditors. This paragraph was not demurrable on the ground that it failed to charge that the grantees in the deed had knowledge that the instrument was executed with the intent to de-

fraud creditors. If the deed was voluntary and without considera-
tion and made by an insolvent debtor, it was void as to his cred-
itors whether the grantees in the deed had knowledge of the intent
with which the paper was executed or not.

3. Error is assigned upon the following charge of the court:
"I charge you that the following acts by debtors shall be fraudulent
in law against creditors and others, and as to them null and void:
for instance, first, every assignment or transfer by a debtor, in-
solvent at the time, of real or personal property, or choses in action
of any description, to any person, either in trust or for the benefit
of, or in behalf of, creditors, where any trust or benefit is reserved
to the assignor or any person for him." This charge is excepted
to on the ground that it was "not pertinent to any of the issues in-
volved in the case, was calculated to mislead and confuse the jury,
and was therefore prejudicial to the cause of the movants." The
charge is open to the criticism that it is not pertinent to the issues
made; but the court was charging generally on the subject of acts
void as against creditors. Our statute declaring such acts to be
void is to be found in section 3224 of the Civil Code. The charge
complained of recites the statute contained in subsection 1 of the
section last referred to, which was foreign to any issue made by
the pleadings or by the evidence; but it would seem that under the
facts of the case it could not have been misleading or confusing.
There was no allegation in the petition that the creditor had con-
veyed or sought to convey to any person any of his property, real
or personal, in trust or for the benefit of himself, by any instru-
ment containing a reservation of any benefit to the grantor or as-
signor; and the jury as intelligent men were necessarily aware of
this.

4. Error is also assigned upon the following charge of the
court: "I charge you that if you believe from the evidence in this
case that this was a voluntary conveyance on the part of Mr. Jack-
son, and that it was a fraud, and that it was made with the inten-
tion of defeating his creditors, then it would be your duty to find in
favor of the plaintiff and against the deed." This charge was not
error as against the claimants. The deed in question was executed
after the creation of the debt that resulted in the judgment upon
which the fi. fa. levied was based, and after suit upon that indebted-
ness was commenced. A voluntary conveyance executed by the

defendant in fi. fa. to his children was void as against that debt, because, under the uncontradicted evidence, the defendant was insolvent, and our statute provides that "every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance," is void as against creditors; and to have such a deed declared void, it was not necessary to show by evidence that it was made for the purpose of hindering, delaying, or defeating creditors. And there was some evidence authorizing the charge upon the subject of a voluntary conveyance.

*Judgment affirmed. All the Justices concur.*