19164. KIMBREL *v.* GROW.

JENKINS, P. J. 1. "In a claim case where the plaintiff in fi. fa. seeks to make out a prima facie case by showing possession in the defendant, it is incumbent on him to show such possession at the time of the rendition of the judgment, or at the time of the making of the levy, or at some time intermediate between the judgment and the levy." *Martin* v. *Cowan,* 134 *Ga.* 477 (68 S. E. 69).

2. Where, under a common-law fi. fa., certain crops were levied upon as

the property of the defendant, to which the wife of the defendant filed a claim, evidence that the crops were grown upon land rented from another by the defendant and were produced by the labor of the defendant and his minor sons was sufficient to show prima facie that the title to the crops was in the defendant in fi. fa., and to shift the burden of evidence to the claimant. Civil Code (1910), § 5170; *Greene* v. *Matthews*, 31 *Ga. App.* 265 (120 S. E. 434).

3. It can not be said as a matter of law that the inference of ownership in the defendant in fi. fa. was conclusively explained and rebutted, where the only evidence tending in that direction, besides the claimant's general assertion of title, was her testimony to the effect that her husband rented the land as her agent and that she paid the rent and was the real tenant, and that her stock and farming implements were used in cultivating the crops, and that she paid for such outside labor as was employed, including certain help in gathering, and where on cross-examination she further testified that she had "no idea how much money" was expended either in making or gathering the crop and did "not know anything about the crop," and where it appeared that she was not known in the renting contract and did not pay the rent until after the crops had been levied upon to satisfy the execution against her husband, and after a distress warrant had been foreclosed against him by the landlord. The jury, upon a consideration of the claimant's interest with the other circumstances, were not bound to find in accordance with her testimony. *Blount* v. *Dunlap*, 34 *Ga. App.* 666 (4) (130 S. E. 693), and cases cited.

4. "Where a judge gives in charge to the jury the general principles of law applicable to an issue in the case, a party who desires more specific and concrete instructions as to one of his contentions should make a request therefor in writing." *Charleston &c. Ry. Co.* v. *Duckworth*, 7 *Ga. App.* 350 (3) (66 S. E. 1018). The presiding judge having in general terms submitted to the jury the law applicable to the issue of whether the title was in the defendant in fi. fa. or in the claimant, and this being the sole issue involved, he was not required, in the absence of a proper and timely written request, to instruct the jury more definitely as to the contentions of the claimant. See further, in this connection, *Wall* v. *Wall*, 15 *Ga. App.* 156 (3) (82 S. E. 791); *Mills* v. *Sanders*, 16 *Ga. App.* 298 (2) (85 S. E. 207).

5. The evidence authorized the verdict in favor of the plaintiff in fi. fa., and no error of law was committed. The court did not err in refusing a new trial. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1929.

*J. A. Drake,* for plaintiff in error.  *W. I. & P. Z. Geer,* contra.