## 19976. DONALSONVILLE CHEVROLET COMPANY v. DICKENSON.

JENKINS, P. J. This was a suit on an open account made up of items charged to the defendant during the months of November and December, 1926, and during all of the months of the year 1927, aggregating $151.30, balance principal, the 1926 account amounting to $22.45, and the 1927 account to $128.85. The defendant filed a plea of set-off, alleging that the plaintiff was indebted to him in the sum of $125 for an automobile truck sold by defendant to plaintiff in the month of November, 1926, and in the further sum of $15 for a generator sold to plaintiff in 1927, which, it was alleged, left defendant owing plaintiff a balance of $11.30, which amount had been tendered to the plaintiff's attorney in cash prior to the filing of the suit, and was, by the plea, tendered to the plaintiff. On the trial the defendant admitted a prima facie case and assumed the burden of proof. The evidence was in sharp conflict with reference to the defendant's set-off; the defendant testified that he sold the automobile truck and generator for the sum of $140, while the testimony on plaintiff's behalf was to the effect that the truck had been accepted in part payment on a new truck, to be thereafter purchased from plaintiff by defendant; that the allowance thus agreed to be made was transferable, and that plaintiff was ready and willing to allow the agreed amount of $125 on the purchase-price of a new truck, but the old truck was not worth over $75. The jury found for the plaintiff in the sum of $11.30, representing the difference between the account sued on and the amount claimed by the defendant by way of set-off, without interest. The defendant made a motion for a new trial, on ground indicated below. *Held:*

1. The evidence authorized the verdict, and it can not be set aside on the general grounds. It can not be set aside as being contrary to the evidence for the reason that the jury did not allow the plaintiff interest on the excess of plaintiff's account over defendant's account, since the defendant likewise sued for interest on the amount alleged to be due him by the plaintiff for property sold to plaintiff in November, 1926, and interest on the defendant's account, calculated either from the date of the sale, or from the end of the year following the sale, exceeded the interest on the plaintiff's account, likewise calculated either from the dates on which the various items making up the account were charged, or from the end of each year in which the account accrued. Civil Code (1910), §§ 3434, 3435.

2. Where the court properly instructed the jury as to the issue between the parties as made by the pleadings, and that the question for their determination was what amount, if any, the defendant was entitled to have set off against the account sued upon, which was admitted to be due the plaintiff, the court, in charging the jury, did not err in failing to take up in detail, upon its own motion and without any request, the testimony of the plaintiff to the effect that the actual value of the automobile truck in controversy was only $75, and to charge them that, in the absence of an outright purchase on his part, no greater amount should be allowed as a set-off on account thereof. *Charleston & Western*

*Carolina Ry. Co.* v. *Duckworth*, 7 *Ga. App.* 350 (3) (66 S. E. 1018) ; *Kimbrel* v. *Grow*, 39 *Ga. App.* 594 (4) (147 S. E. 915).

3. In view of the rulings set forth above, the charge of the court wherein the jury were instructed that "taking one account from the other would leave eleven dollars and some odd cents, if you allowed the defendant the whole amount of his set-off," was not erroneous in that it gave "undue prominence to the contention of the defendant," or in that it precluded a finding in favor of the plaintiff for interest on such amount as the jury might find to be due.

4. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

*N. L. Stapleton,* for plaintiff. *P. Z. Geer,* for defendant.