27966. SMOKY MOUNTAIN STAGES INC. *v.* WRIGHT.

DECIDED MARCH 14, 1940.

*J. G. Roberts, Bryan, Middlebrooks & Carter,* and *John A. Dunaway,* for plaintiff in error.

*Morris & Welsch,* contra.

MacIntyre, J. Miss Lilla F. Wright filed suit against Smoky Mountain Stages Incorporated, claiming that she received certain injuries when a bus of the defendant, on which she was riding as a passenger, went off the road and collided with a bank just north of Marietta, Georgia. The negligence charged was that the driver of the bus was rounding the curve, going down a steep descent, and approaching a bridge at the rate of forty to forty-five miles an hour, and negligently failed to reduce his speed, which was in excess of the State law; and that the driver recklessly and negligently failed to reduce the speed of the bus at the time and place, and negligently and recklessly drove it to the left, off of said highway and into a ditch and embankment. In its answer the defendant denied that the plaintiff was injured, and made a general denial of the allegations of the paragraphs of the petition which charged that the defendant's negligence was the cause of the injury. The jury returned a verdict in favor of the plaintiff. To the overruling of its motion for new trial the defendant excepted.

1. One of the exceptions is based on the ground of improper argument by counsel for plaintiff. Realizing that "The State, whose interest it is the duty of court and counsel alike to uphold,

is concerned that every litigation be fairly and impartially conducted, and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence" (N. Y. Central R. Co. v. Johnson, 279 U. S. 310; *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386, 394, 182 S. E. 384), and that "Although it is the duty of the trial judge, whether so requested or not, to check improper remarks of counsel to the jury, and to remove any prejudicial effect they may be calculated to have against the opposite party," yet "'a verdict will not be set aside because of such remarks or *because of any omission of the judge to perform his duty in the matter, unless objection be made at the trial.* A party will not be permitted to sit by and allow such conduct to proceed without objection and without calling the attention of the court to it, and after verdict take advantage of it as ground for new trial. It is as much his duty to object to improper argument as it is to object to improper evidence; and in the former case as well as in the latter, if he permits it without objection, he can not demand a new trial on the ground that the jury may have been affected by it.'" (Italics ours.) *Georgia Power Co.* v. *Puckett,* supra. This court, wishing to get a definite ruling on what is necessary in order to make an improper argument to the jury by the attorney of one of the parties a basis of review, certified the question to the Supreme Court, and that court, in *Brooks* v. *State,* 183 *Ga.* 466, 468 (188 S. E. 711, 108 A. L. R. 752), definitely answered the question as follows: "When an improper argument is made, the adversary must act, if redress is desired; if not, the incident is closed. The adversary may (1) waive by silence; (2) he may request a rebuke by the court; (3) he may request instructions to the jury either at that moment or as a part of the general instructions; or (4) he may move for a mistrial. Possibly other motions may be made or rulings invoked." No objection being made to such argument, no ruling of the trial court was invoked which could be made a proper basis for review by this court. This contention is not meritorious.

2. It is further contended that the verdict of $2850 was excessive. "As judges, we are not authorized to substitute our conjectures or apprehensions for the determination of that body on whom the law has devolved the duty of deciding, duly weighing all the circumstances of the case. . . Judges should be very cautious, therefore, how they overthrow verdicts given by twelve

men on their oaths, on the ground of excessive damages, upon a matter left so entirely to their discretion, especially where the presiding judge before whom the cause was tried, and who is presumed to have been familiar with all the facts, has refused to interfere. For this court to order a rehearing, under such circumstances, it must be made manifest by *the proof,* that the damages were 'flagrantly outrageous and extravagant.'" *Lang* v. *Hopkins,* 10 *Ga.* 37, 46; *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186, 188 (91 S. E. 254). The presumption being that jurors are impartial and understand the case, we think it more reasonable to presume in this case that the finding was based on the evidence, considered impartially in connection with the charge, rather than on bias and prejudice.

3. We do not think it is a correct statement of the rule, as contended by the defendant, that it is reversible error in civil cases to fail to charge the jury, whether requested or not, on a material and vital point and theory of defense involved by the evidence alone. On the contrary, the issue must be made both in the pleadings and in the evidence in order for it to be reversible error for the judge to fail to charge thereon. *Georgia Power Co.* v. *Puckett,* supra, and cit.; *Shippen* v. *Thompson,* 45 *Ga. App.* 736, 741 (166 S. E. 41).

4. Another ground asserts that the verdict in this case was a quotient verdict arrived at by each juror putting down a figure, and these figures added, and the sum divided by twelve; and that this information was obtained by counsel for the defendant from a juror. A motion was made to be allowed to subpoena the jurors and take evidence with reference to the fact asserted in this ground; and the motion was denied. The Supreme Court held in *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (8) (29 S. E. 749), that "In order to authorize the setting aside of a verdict upon the ground that it was arrived at by chance, it must affirmatively appear that the jurors bound themselves in advance to arrive at the verdict in this manner, and that they in fact did so. This did not in the present case appear with sufficient certainty to authorize this court to overrule the discretion of the trial judge in declining to grant a new trial on that ground." In *Singleton* v. *State,* 30 *Ga. App.* 250, 254 (117 S. E. 670), the court said: "If the information came through one of the jurors after the jury had dispersed, it is

well settled that jurors can not impeach their verdict, and that the affidavits of the jurors themselves or of others, as to their sayings after dispersing, will not be received for that purpose." The court did not err in refusing to consider these affidavits, or in overruling the motion for new trial in so far as it was predicated thereon. Code, § 110-109; *Shippen* v. *Thompson,* supra; *Southern Railway Co.* v. *Sommer,* 112 *Ga.* 512 (37 S. E. 735); *Rylee* v. *State,* 28 *Ga. App.* 230 (3) (110 S. E. 749); *Pope* v. *State,* 28 *Ga. App.* 568 (3) (112 S. E. 169).

5. The judge charged the jury as follows: "Now, this case being based upon the alleged negligence of the defendant, it becomes necessary for you to understand what the law means by negligence. And negligence means the absence of or the failure to exercise the degree of care required by law to be exercised. In other words, negligence is the absence of or failure to exercise legally required care. And in this case, if you should find that the plaintiff was a passenger for hire upon the defendant's coach being operated as a motor carrier, the care required of the defendant through its servants, agents, and employees, is extraordinary care. And extraordinary care and diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect. And with this definition it becomes a question of fact for you to say whether the defendant exercised extraordinary care in so far as the particulars charged are concerned, or whether the defendant was guilty of negligence, in so far as the particulars charged are concerned, or any of them. Your method of inquiry will be, confining yourselves to the specifications of negligence set out in the petition, to determine whether, in so far as those specifications or any of them are concerned, the defendant was guilty of negligence. And you will take into consideration all the evidence in the case that will illustrate the question to your mind, the time, the place, the circumstances, the surroundings, all that occurred, so far as disclosed to you by the evidence, and then say for yourselves whether the defendant, through its agents and employees, was guilty of negligence or not, in so far as the specifications charged are concerned." To this instruction the defendant excepted on the grounds that it was inapplicable as an abstract principle of law; that it was misleading and confusing to

the jury; that the only agent or servant whose negligence was complained of was the driver of the bus; and that when the court in said charge directed the jury's attention to the servants, agents, and employees of the defendant, the jury were confused into believing that they were not limited to the negligence alleged in the petition and charged against the driver of the bus. When the charge is considered as a whole, it substantially embraced the law applicable to the issues which were made by the pleadings and the evidence. The instruction complained of was not erroneous for any reason assigned.

6. There is an exception to the failure of the judge to charge the jury that the plaintiff should, by the exercise of ordinary care, minimize or reduce the damages. This particular defense was not specially pleaded. The pleading here was a general denial of all the allegations in each of the paragraphs of the petition which alleged that the defendant's negligence was the proximate cause of the injury. There was also a general denial of any injury. This brings it within the rule that it is not reversible error to fail, without request, to charge the jury upon the law as to the minimizing or reducing of the damages unless such defense is specially pleaded. *Russell* v. *Bayne,* 45 *Ga. App.* 55, 57 (163 S. E. 290); *Donahoo* v. *Goldin,* 61 *Ga. App.* 841.

7. "This court has repeatedly ruled that in the absence of legal error, it has no jurisdiction to interfere with a verdict supported by some evidence, although the verdict was against the preponderance of the evidence. The decisions cited to the contrary, applicable to the Supreme Court, were rendered prior to the constitutional amendment restricting the jurisdiction of that court and this court to the decision of errors of law and equity, and are not now in point." *Wilson* v. *Barnard,* 10 *Ga. App.* 98 (8) (72 S. E. 943). The evidence, though conflicting, authorized the verdict. See *Barnes* v. *State,* 57 *Ga. App.* 183 (2) (194 S. E. 839); *Blackshear Manufacturing Co.* v. *Stone,* 8 *Ga. App.* 661 (70 S. E. 29). *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*