## PEAVEY *v.* CRAWFORD.

No. 13714. JUNE 13, 1941.

*James H. Dodgen,* for plaintiff. *Fred L. Brewer,* for defendant.

ATKINSON, Presiding Justice. ■ At a previous trial of the issues here involved, to wit, those arising on an application to pro-

bate a will, and a caveat thereto, the jury found for the caveators; and this court, upon a review of the grounds of the caveat and the testimony, held that the trial court erred in overruling the motion for new trial, "for the legal evidence demanded a verdict probating the will, and the verdict rendered was contrary to law." *Peavey v. Crawford,* 182 *Ga.* 782. The grounds of caveat were undue influence and mental incapacity. On the last trial the caveat was amended, but no new ground added. Upon a careful comparison of the entire evidence in the record now under review with the brief of evidence on that trial wherein this court held that a verdict probating the will was demanded, it can not be said that there was any substantial difference. It is not claimed by counsel for the defendant in error that there was such evidence of undue influence as would justify the verdict on this ground, but they insist that the evidence as to mental incapacity was sufficient to make an issue before the jury. This insistence is placed largely on the testimony of Hazel Gaddis, who did not testify on the former trial. At the time the instrument was signed, this witness was thirteen years old. She testified: "Having known Mrs. Crawford before, and observing her at that time, she was not capable of disposing of her property. I don't believe she recognized what she was doing at that time." The context shows that by the words "at that time" this witness referred, not to the moment or hour, but to the day on which the paper was signed. Mrs. Crawford was sick. The witness also testified: "Mrs. Crawford did not recognize me that day. She did not recognize me the day before, and didn't recognize me after that until about a week afterward. At that time she was very ill. I spoke to her when I went in the room, but she didn't reply—didn't say anything at all to me. She was just lying there, and sometime she didn't speak at all." The witness was in the room only a part of the time. She testified to no conversation with the testatrix, and gave no facts on which to base her opinion that Mrs. Crawford was not capable of disposing of her property. Such testimony can not break down the positive testimony of the subscribing witnesses that *at the time the will was executed,* the testatrix was capable of making a testamentary disposition of her property. See *Hillyer* v. *Ellis,* 171 *Ga.* 300 (155 S. E. 180); *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858). The evidence demanded the verdict.

Since the verdict was the only one that could legally have been rendered, it was erroneous to set it aside, although neither the losing party nor his sole counsel was in court at the time, the counsel's absence being involuntary on his part and due to the fact that the presiding judge had requested him to appear before the grand jury to assist in drawing certain indictments, and the party's absence being due to his official duties as sheriff. The sustaining of the motion was upon the theory that had counsel been present he could have polled the jury. In *Jones* v. *Bullard,* 52 *Ga.* 145, it was ruled: "Where a motion was made to set aside a verdict on the ground that it was taken in the absence of the defendant and his counsel, and under circumstances amounting to surprise, the motion was properly overruled, it appearing that the defendant had no substantial meritorious defense to the merits of the action." Polling the jury as to their verdict in a civil case is not an absolute right to which a party is entitled, but it is a matter that rests within the discretion of the trial judge. *Rutland* v. *Hathorn,* 36 *Ga.* 380; *Bell* v. *Hutchings,* 86 *Ga.* 562 (12 S. E. 974).

     *Judgment reversed. All the Justices concur.*