36132. RAY *v.* WOOD.

DECIDED APRIL 12, 1956.

E. B. Judge, J. C. Bostain, for plaintiff in error.

NICHOLS, J. ■ The plaintiff, in his first special ground of the amended motion for new trial, contends that the trial court erred in failing to dismiss his petition before proceeding to trial on the defendant's cross-action in accordance with Rule 41 of the Superior Court Rules of Procedure (Code, Ann. Supp., § 24-3341).

This court and the Supreme Court have consistently held that an exception to a ruling on a motion to dismiss is not a proper ground of a motion for new trial. *Taylor* v. *Globe Refinery Co.*, 127 *Ga.* 138 (56 S. E. 292); *Gillis* v. *Powell*, 129 *Ga.* 403 (58 S. E. 1051); *Skinner* v. *Arthur & Westbrook*, 14 *Ga. App.* 302 (80 S. E. 699); *Mayeske* v. *Owen*, 92 *Ga. App.* 121 (88 S. E. 2d 204). And as was said by the Supreme Court in *Herz* v. *Claflin Co.*, 101 *Ga.* 615 (5) (29 S. E. 33): "A motion for new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict; and therefore errors

committed by the court in the rendition of a decree or judgment can not be reached by a motion for a new trial."

Although this ground of the motion for new trial does not complain of a ruling on a *motion to dismiss*, it does complain of a failure of the trial judge to *dismiss* the plaintiff's petition, and does not complain of any error of law or fact that contributed to the verdict. Therefore this is not a proper ground of a motion for new trial.

■ In the fifth ground of the amendment to the motion for new trial, the plaintiff urges that the trial was held without *due notice* to the plaintiff or his attorney and was held without the plaintiff or his attorney being present. This ground, like the special ground of the motion for new trial discussed in the previous division of this opinion, fails to set forth any error of law or fact that contributed to the verdict rendered. Therefore this special ground of the motion for new trial can not be considered.

■ The other special grounds are but amplifications of the general grounds, and will be considered along with them.

The defendant testified on the trial that the plaintiff, while driving his automobile at a high rate of speed in the same direction as the defendant, attempted to pass the defendant's automobile and cut sharply to the right and into the defendant's automobile, causing the defendant's automobile to turn over several times down an embankment on the right side of the road; that he was rendered unconscious by the collision and regained consciousness at the hospital, where he remained for two days; that he remained in bed for two weeks after leaving the hospital; and that he suffered injuries to his back, consisting of torn ligaments and muscles and severe and painful bruises and contusions on his arm and hand and to the right side of his face. He testified further that he was a farmer, 47 years of age, and capable of earning $10 per day, but that he was unable to work for a period of about four months after the collision; and that as a result of the collision he would be partially and permanently disabled, and he has not yet reached his maximum recovery. The defendant also testified as to the reasonable market value of his automobile both before and after the collision. The jury,

after being charged by the court, returned a verdict for the defendant on his cross-action and against the plaintiff.

The plaintiff in his argument contends that the verdict was contrary to the evidence, in that the testimony of the defendant, as to his future disability and his future pain and suffering, was incompetent; and that, since this was the only evidence as to his future disability and future pain and suffering, the verdict is without evidence to support it.

While it is true that the testimony of a plaintiff is not competent as to his future pain and suffering and as to his future disability (*Atlanta Street Ry. Co.* v. *Walker*, 93 *Ga.* 462, 465, 21 S. E. 48), nevertheless, when incompetent evidence is unobjected to, its inadmissibility is waived and except in those instances where such incompetent evidence has no probative value, the jury is bound to consider the same. See, in this connection, *Eastlick* v. *Southern Ry. Co.*, 116 *Ga.* 48 (42 S. E. 499); *Atlanta Enterprises* v. *James*, 68 *Ga. App.* 773 (24 S. E. 2d 130); *Lamb* v. *Fedderwitz*, 72 *Ga. App.* 406 (33 S. E. 2d 839); *State Highway Board* v. *Coleman*, 78 *Ga. App.* 54 (50 S. E. 2d 263); *Thomas* v. *Ellis*, 25 *Ga.* 137; and *Massee* v. *Parrott*, 29 *Ga. App.* 109 (4) (114 S. E. 225). Therefore, in view of what has been said, the verdict of the jury was supported by the evidence, and the trial court did not err in denying the plaintiff's motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*