39558. PATILLO v. THOMPSON et al.

Decided September 6, 1962—
Rehearing denied October 15, 1962, and November 1, 1962.

*G. Seals Aiken*, for plaintiff in error.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter*, contra.

Frankum, Judge. █ A motion for new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict. *Herz v. Claflin Co.*, 101 Ga. 615 (5) (29 SE 33); *Ray v. Wood*, 93 Ga. App. 763 (1) (92 SE2d 820). In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial. *Minnick v. Jackson*, 64 Ga. App. 554 (13 SE2d 891). See Green, Ga. Law of Evidence, § 73. Therefore, while a litigant has at least a qualified right to obtain information as to the opposite party's insurance coverage, certainly for the purpose of purging the jury (*Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 174 SE 131), and perhaps for other purposes (see Anno., 41 ALR 2d 968), whatever his remedy to enforce that right may be, it is not by a special ground of a motion for new trial, unless

the error in failing to produce the information would in fact have affected the verdict, for example, where the failure to reveal the name of the insurance carrier results in the selection of a juror who would have otherwise have been disqualified. Movant fails to show here that the exhibition of the policy to her would have affected the trial of the case or the verdict therein rendered. The contention of the plaintiff in error here in the 4th special ground of the motion for a new trial that the verdict should be set aside because, although by a pretrial order the defendant was required to produce its insurance policy pertinent to this case at the time of the trial, the court did not further require the surrender of the policy for examination by the plaintiff's counsel, is without merit.

■ *Code Ann.* § 6-901 requires either that special grounds of a motion for new trial be complete within themselves or that they "point out such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of." Failure to meet one or the other of these standards still results in the assignment of error being too imperfect for consideration by this court. *Heard v. Heard*, 99 Ga. App. 864 (3) (110 SE2d 76); *Valdosta Coca-Cola Bottling Works v. Montgomery*, 102 Ga. App. 440 (2) (116 SE2d 675).

Special grounds 7 and 8 of the motion for new trial complain that the plaintiff was not allowed to present evidence of her good character, and that the court, in charging on the subject of impeachment by contrary extra-judicial statements, failed to add, "When thus impeached, he may be sustained by proof of general good character." Grounds 9 and 10 complain that the court instructed the jury that there was no evidence to support certain allegations of negligence in the plaintiff's petition. None of these grounds is meritorious unless there is in the record evidence relating respectively to these grounds, (a) of prior contradictory statements by the defendant Cash, and (b) of specific acts of negligence alleged in the subparagraphs as to which the court charged that no proof had been offered. Grounds 7 and 8 refer the court generally to 146 pages of record; grounds 9 and 10 refer us to 369 pages. None of these grounds sets out either the evidence upon which it is contended the instruction would

have been warranted or points to any specific part of the record or to the testimony of any particular witness which would substantiate the claim. On the contrary, a cursory examination of the lengthy portions of the record to which reference is made shows that in general they are completely foreign to the issues raised by these grounds. It may be that within this haystack of reference there lies the needle of relevant testimony, but we cannot search it all in order to ascertain the fact with certainty. Grounds 7, 8, 9, and 10 are accordingly not in proper form for consideration.

■ An instruction that "the burden of proof in the case is on the plaintiff to establish to your satisfaction by a legal preponderance of the evidence the material allegations of her petition" is an accurate statement of the law. *Morgan v. Reeves,* 84 Ga. App. 41 (3) (65 SE2d 453). It is also correct to define what is meant by preponderance of evidence in the language of *Code* § 38-106, and to add, "and where there is more than one issue in the case, this rule or definition of preponderance of the evidence relates to each and all of the issues of fact to be determined by you," since, regardless of where the burden of proof lies, it is correct to instruct the jury that they shall find according to the preponderance of evidence upon any issue submitted. *Strahley v. Hendricks,* 40 Ga. App. 571 (8) (150 SE 561); *Bainbridge Power Co. v. Ivey,* 38 Ga. App. 586 (6) (144 SE 825). Where special instructions are desired upon the subject of the preponderance of evidence as related to the shifting of the burden of proof where an affirmative defense is urged, such instructions should be requested in writing. *Morgan v. Chunn,* 7 Ga. App. 263 (2) (66 SE 965); *Dillon v. Sills,* 54 Ga. App. 299, 302 (5) (187 SE 725); *Pan-American Wall Paper &c. Co. v. Tudor,* 81 Ga. App. 417 (4) (59 SE2d 12); *Segars v. City of Cornelia,* 60 Ga. App. 457 (6) (4 SE2d 60). Special grounds of the motion for a new trial numbered 11 (complaining of charges on the burden of proof and preponderance of evidence), and 15 (complaining of the court's failure to charge without request that the burden of proof shifted to the defendants to prove their defense of contributory negligence) are without merit.

■ "Actionable negligence involves, first, the existence of a

duty; second, the omission to exercise ordinary and reasonable care in connection therewith; and third, injury resulting in consequence thereof." *Atlanta Nat. Bank v. Bateman,* 21 Ga. App. 624, 628 (94 SE 853). See also *Code* § 105-101. It was not error, as alleged in special ground 12 of the motion for a new trial, for the court to charge the jury as follows: ". . . [I]njury, alone, does not create or impose liability, and negligence, alone, does not create or impose liability. . In order for negligence to create or impose liability, insofar as the defendants are concerned, the plaintiff must have been injured as a result of the negligence of the defendants in one or more of the particulars set forth in the plaintiff's petition as amended as the proximate cause of the alleged injury or injuries sustained . . ." The plaintiff in error cites *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87 (132 SE 106) ; *Huckabee v. Grace,* 48 Ga. App. 621 (173 SE 744), and *Emory University v. Lee,* 97 Ga. App. 680 (104 SE2d 234), in each of which a portion of the charge was held to be error because it was argumentative. A reading of these cases clearly shows that the charge in this case is not subject to the defect that it suggested to the hearer one possible result with more emphasis than the other.

■ Special ground 13 complains that the trial court did not, without request, charge: ". . . [T]he law of Georgia provided on January 12, 1956, that no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions, and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on the highway in compliance with legal requirements and the duty of all persons to use due care, and the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway. If you believe from the evidence in this case that defendant Jewell M. Cash violated any provision of said State law in the operation of the defendant truck, that would be negligence per se . . ."

Special ground 14 complains that the court did in fact charge

all but the last sentence above quoted, but in place of the last sentence charged instead: ". . . [I]f . . . you find that either or both of the parties . . . was . . . operating their respective vehicles at the time and place of the alleged occurrence in violation of either or both of these sections of the State motor vehicle law, you would determine whether, under the facts and circumstances of the case, they, or either of them, were guilty of negligence as a matter of fact in so doing."

The court correctly charged that the plaintiff did not contend that the defendants were guilty of negligence per se and that all her allegations of negligence specified only negligence of fact. It follows that, as to special ground 13, even though some of the evidence might have sustained a finding that the defendant driver, who was behind the plaintiff's automobile in the same line of traffic at the time the front of his truck struck the rear of the plaintiff's vehicle, was traveling at a speed greater than reasonable and prudent, or failed to have his vehicle under control, such evidence did not of itself make it mandatory on the trial court to charge that such acts were negligence per se rather than negligence in fact, no negligence per se being alleged in the pleadings based on either of these statutes. "The issue must be made both in the pleadings and in the evidence in order for it to be reversible error for the judge to fail to charge thereon." *Smoky Mountain Stages, Inc. v. Wright,* 62 Ga. App. 121, 123 (3) (8 SE2d 453) ; *Georgia Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384), and citations. "The failure of the court to instruct the jury upon a contention of one of the parties not raised by the pleadings, although authorized by some evidence in the record, is not cause for a new trial. *McLean v. Mann,* 148 Ga. 114 (95 SE 985)." *Bridges v. Williams,* 148 Ga. 276 (2) (96 SE 499).

Since this was a rear-end collision which the defendant Cash contended was caused by the plaintiff suddenly stopping her automobile, it is obvious that the two Code sections charged by the court relating to undue speed and following too closely could have applied only to the defendant Cash and were completely irrelevant to any negligence charged by the defendants against the plaintiff in the cross-action. The instruction to the jury to see whether *either* party violated these statutes was therefore,

as to the plaintiff, not authorized by evidence and was irrelevant. However: "An irrelevant or inapplicable charge is not ground for reversal unless it is likely to have misled the jury or to have affected the verdict. *Eagle & Phenix Mills v. Herron,* 119 Ga. 389, 393 (3) (46 SE 405); *Long v. Gilbert,* 133 Ga. 691 (5) (66 SE 894)." *Service Wholesale Co. v. Reese,* 91 Ga. App. 366, 368 (85 SE2d 625). See *Jackson v. Kight & Sons,* 159 Ga. 584 (3) (126 SE 379); *Spraggins v. Brooks,* 154 Ga. 822 (3) (115 SE 495). The wording of the instructions was to this extent inapt, but since the charge could only have applied to the following vehicle and not to the forward vehicle (as to which issue there was no dispute in the evidence), no such harm is shown as to require a reversal. These grounds are without merit.

■ Special grounds 16, 18, 19, and 20 all contain assignments of error on the charge of the court going to the plaintiff's injuries and the measure of damages in connection therewith. These assignments of error are not considered for the reason that, where the verdict is against the plaintiff on the issue of liability, any error in instructions relating only to the contentions of parties regarding the extent of injury or the method of computing the damages is harmless, the jury having decided on its verdict before reaching a consideration of these issues. *Hollomon v. Hopson,* 45 Ga. App. 762 (166 SE 45); *Davies v. West Lumber Co.,* 32 Ga. App. 460 (123 SE 757); *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (52 SE2d 485).

■ ■ As to the general grounds of the motion for new trial, the testimony of the plaintiff supported the allegations of her petition to the effect that she was proceeding south in the middle lane of a street in the City of Atlanta which has three lanes for southbound traffic; that as she approached an intersection there was, in the right-hand lane, a trackless trolley immediately behind which were two trucks belonging to one of the defendants and that all three vehicles were stopped; that thereafter the first of these trucks cut into the middle traffic lane immediately ahead of her and went on across the intersection, that she followed this truck; that the second truck, which was also owned by the defendant Thompson and was driven by the defendant Cash, pulled out into the middle lane behind her and that, just as she had crossed the intersection, this truck collided

with the right rear of her automobile. However, the testimony of the defendant which was supported by two eyewitnesses, one the driver of the trackless trolley and the other an employee of a service station across the street, was to the effect that the plaintiff was in the inside lane of traffic, and not in the middle lane as she testified, when she entered the intersection; that the truck driven by defendant Cash was in the middle lane, and that the plaintiff cut her automobile into the middle lane of traffic ahead of the truck and came to a sudden stop, thus causing the collision. The evidence was undisputed that there was considerable traffic and that the vehicles were not moving at a rapid rate of speed. There was, accordingly, ample evidence upon which the jury would be authorized to find a verdict for the defendants, based on the plaintiff's negligence in cutting in and stopping her car immediately ahead of the vehicle which struck her car.

█ In special grounds 5, 17, and 21, the plaintiff in error contends, in general, that the verdict of the jury was in disregard of the instructions of the court and the result of bias and prejudice because, after a trial lasting six days, the jury deliberated only ten minutes before bringing in a verdict for the defendants. Where, as here, there is ample evidence, although contradicted, to support the finding of the jury, the mere fact that all the members agree after a very short consideration, or even without leaving the jury box at all, raises no presumption that the verdict is illegal. See Beach v. Commonwealth (Ky.) 246 SW2d 587 (holding that the strength or weakness of the conclusions is not measurable by the duration of the deliberation); O'Connell v. Ford, 58 R.I. 111 (191 A 501); Val Decker Packing Co. v. Treon, 88 Ohio App. 479 (97 NE2d 696); Jardine Estates, Inc. v. Donna Brook Corp., 42 N. J. Super. 332 (126 A2d 372).

█ Special ground 6, urging the same contention, assigns error on the refusal of the court to allow counsel for the plaintiff in polling the jury after verdict to question the jury as to when they began their deliberations, whether they considered the evidence in the case, and what was done by them over the week end prior to concluding the case and giving it to them for consideration. The jurors were polled twice, once by counsel and once by the court, the questions being framed in accordance with the

rule in *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871, 875 (1c), supra, in which case it was held that "since the court would not have erred had it declined to allow the jury to be polled at all, the refusal to permit certain of the jurors to be asked particular questions was not error." See also *Taylor v. Taylor,* 195 Ga. 711 (25 SE2d 506); *Anderson v. Green,* 46 Ga. 361; *Peavey v. Crawford,* 192 Ga. 371 (15 SE2d 418). No error is shown here.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

### ON MOTION FOR REHEARING.

It is contended in the motion for a rehearing that the failure to produce the insurance policy "presumptively resulted in the selection of disqualified jurors." Were this true, it would be, in our opinion, an error entering into the rendition of the verdict which would require the grant of a new trial. Whether or not the refusal of a motion to purge the jury, however, should be assigned as error in the bill of exceptions or in the motion for a new trial is not decided by *Atlanta Coach Co. v. Cobb,* 178 Ga. 544, supra, since in that case both forms of assignment of error were included, presumably from an abundance of caution.

The distinction is that in the *Cobb* case the court refused to purge the jury as to stockholders and employees of the insurance carrier, whereas in this case there is no contention in the motion for a new trial that the court did not thus purge the jury. The insurance policy was presumably in the courtroom and available to the trial judge in compliance with a pretrial order to that effect, and, had counsel contended at the time that the jury was or might have been purged as to the wrong company because of misinformation by the defendant or his counsel, the trial judge could have settled the matter at that time. Counsel raised no such question, merely contending he had a right to examine personally the contents of the policy because of his previous motion to produce, and that "the statement in the pretrial order that the jury was to be qualified as to Liberty Mutual Insurance Company was not sufficient to comply with the law." This being so, the statement in the motion for rehearing that failure to allow counsel to examine the policy "presumptively resulted in

the selection of disqualified jurors" is not supported by the record.

*Motion denied.*