HILLYER *et al. v.* ELLIS *et al.*

No. 7550.   October 3, 1930.

*Oliver & Oliver, John Z. Ryan,* and *Lawrence & Abrahams,* for plaintiffs in error.

*H. Wiley Johnson* and *Hitch, Denmark & Lovell,* contra.

Russell, C. J.   The judge did not err in his rulings upon the admissibility of evidence, or in his instructions to the jury, of which complaint is made.   They were correct as a matter of law, and were properly adjusted to the pleadings and the evidence.   The case mainly turns upon a determination by the jury of the question whether the testator was of sound and disposing mind when the will was made.   While there was some evidence that testator was irrational at several specified times, while suffering delirium, there was nevertheless no evidence that such was the case at the time he signed the will, but on the contrary there was direct testimony that at the time of the execution of the will he was rational and mentally normal, and his will as to the disposition of his property clear and distinct. . The evidence authorized the jury to find that at the time the will was executed the testator was competent to effect the disposition of his property by will.   The judge did not err in overruling the motion for new trial.

*Judgment affirmed.   All the Justices concur, except Atkinson, J., disqualified.*

Beck, P. J., concurring specially.   I concur in the judgment of affirmance in this case.   I am of the opinion that the court below properly held that there was no evidence authorizing the jury to find in favor of the caveators, on the ground that the will was procured by undue influence.   Nor do I think that any error is shown in any of those grounds of the motion containing exceptions to the admission or exclusion of evidence, where the objection is properly made and stated.   Many of the grounds, however, relating to the admission and exclusion of evidence consist of lengthy statements of the testimony of witnesses and colloquies between court

and counsel, without clearly bringing forth the exact portion of the evidence to which objection is made; and in such a case no question is properly made for determination by this court. And I concur in the judgment of the court that the grounds of the motion for a new trial containing exceptions to portions of the charge of the court below show no error requiring a reversal of the judgment.

Alberta Wylly Ellis and Thomas C. Wylly propounded the will of Albert Wylly. They were executrix and executor, and sole beneficiaries under said will, save as to a stated cash sum to a named person not involved in this litigation; and they were niece and nephew of the testator, who died a bachelor. Margaretta Wylly Hillyer, Helen G. Wylly, Emma Wylly Crum, and Margaret E. Wylly individually and as guardian of Martin D. Wylly Jr., nieces and nephew, filed a caveat upon the grounds that the testator was not of sound and disposing mind when making the alleged will; that he made said will under undue influence exerted by persons unknown to caveators; and that at the time of executing the will testator's mind was so exceedingly weak that it was prey to divers practices by parties unknown to caveators. On demurrer the ordinary struck all of the caveat except the ground that testator was not of sound and disposing mind, since no persons exerting undue influence were named. After hearing evidence on the ground so remaining, the ordinary passed an order dismissing the caveat and admitting the will to record. Caveators appealed to the superior court.

There was no evidence of undue influence. There was evidence that testator was delirious on the day he signed the will, consisting of the testimony of his nurse at the Oglethorpe Sanitarium in Savannah, where he died ten days after signing the will, and the testimony of his negro porter who visited him there; these to the effect that he talked "out of his head," and gave irrational instructions to the porter. The testator was in the sanitarium about twenty-five days, suffering from an unusual malady which was finally diagnosed as a fungus growth in the lungs, causing him to cough much. There was testimony by his physician and the lawyer who drew the will, that, on the day it was signed in the sanitarium, the testator was rational, mentally normal. There was testimony by which undue influence by the beneficiaries and others was sought to be established; but this was wholly extraneous to the

execution of a will, and consisted of circumstances attending various visits of testator to his kin, or visits by them to him, when he is alleged to have said that he wanted to treat all his kin alike. His attorney testified he went to the sanitarium at testator's request, conveyed through a third person as messenger, and made a memorandum or what the testator wished to do; that testator said he wanted to leave his estate to propounders; that the attorney went back to his office and drew a will in keeping therewith, returned to the hospital the same day, November 15, 1928, and read it to testator; that testator said he wanted to put in a separate bequest to a friend (not involved in this litigation), and was sorry to trouble the attorney to do that, but he had just thought of it. The attorney made a memorandum of that, returned to his office, drew a new will, went back to testator, and testator signed the same in due form after it was read to him. He also drew for testator a power of attorney in another matter. The witnesses to the will testified testator was of sound and disposing mind when he signed the will. One of these was the nurse, who also testified that during that day testator had acted and talked in such wise as to indicate he was delirious, and that she made an entry that he was irrational that day about six hours before the will was signed. She testified, however, that in her opinion he was rational when he signed the will.

The jury found for the propounders. The caveators moved for a new trial. The special grounds of the motion complain that it was hearsay for the attorney to testify that the messenger from the testator had told him testator wished to make a will; that certain letters throwing light on the testator's business affairs were erroneously admitted; that it was error to permit the nurse to testify, that, if testator had shown further signs of being irrational after she made her entry to that effect early in the day, she would have also charted that, because this amounted to a conclusion by witness that testator was not irrational after the first entry; that it was error to forbid caveators to read to said nurse and the physician the entries of another nurse, and to question the witnesses about them; that the court illegally excluded chart entries of said other nurse, because she had not been introduced to establish them, and illegally charged the jury to disregard so much of the whole chart introduced as was entered by this other nurse, because such entries had not been proved; that answers to divers questions pro-

pounded to witnesses were not allowed, upon the ground they were not legal or relevant; that the court charged the jury there was no evidence of undue influence; that it was error to charge the jury that if they believed propounders had carried the initial burden, but that caveators had failed to carry by preponderance of the evidence the burden when shifted upon them, propounders would be entitled to the verdict, because propounders must always carry the burden of showing throughout the trial testamentary capacity; that it was argumentative for the judge to tell the jury they had no right to substitute their judgment as to what would have been a proper will; and that it was error to charge that mere weakness of intellect would not defeat a will, that incapacity to contract might coexist with capacity to make a will, that if testator had capacity to make a will the jury were not concerned with what he did with his property, that merely because a man was sick or even dying would not defeat the will if the testator knew what he was doing, that being delirious or irrational before making the will would not defeat it if the delirium passed away before the will was executed and reason returned, that an insane person could not generally make a will but a lunatic could at lucid intervals as could also a monomaniac at times, and that eccentricity, old age, or weakness of mind did not of themselves constitute incapacity unless imbecility resulted, and that in all cases of doubt the reasonableness of disposition of the estate should weigh in passing upon the question—all upon the ground that these general principles were argumentative and unfair to caveators' case. The motion for new trial was overruled, and the caveators excepted.