DAVIS *et al.* v. AULTMAN.

130

No. 15060: February 17, 1945. Rehearing denied March 7, 1945.

138

*James H. Pate,* for plaintiffs.

*T. R. Perry Jr., Edwin A. Rogers, Leonard Farkas, Walter H. Burl,* and *R. D. Smith,* for defendant.

GRICE, Justice. ■ The first assignment of error challenges the correctness of the ruling overruling the demurrers to the caveat as amended. Counsel for the defendant in error take the position that such a question is moot, because thereafter amendments numbers 3 and 4 to the caveat were allowed, and no demurrer was interposed after the allowance of said amendments. Reliance is placed on the principle ruled in *Livingston* v. *Barnett,* 193 *Ga.* 640, 649 (19 S. E. 2d, 385), that a demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed, if it is still relied on. Whether the rule should be applied here depends upon the question: Were amendments numbered 3 and 4 material amendments? One of them merely admitted a prima facie case for the propounders. It added nothing by way of averment to what was already contained in the amended caveat. The other struck the words, "threatening to kill," occurring in a certain place in a prior amendment, and substituted therefor the words, "she and her son Davis Aultman were threatening his life and wanted to kill him." This was not a material amendment. Compare *Gibson* v. *Thornton,* 107 *Ga.* 545 (2) (33 S. E. 895); *Little Rock Cooperage Co.* v. *Hodge,* 109 *Ga.* 434 (34 S. E. 667); *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). It did not change the ground of caveat to which it was directed except to alter slightly a statement of fact, the legal effect of the averment being the same with or without the alteration. That the demurrer was not renewed after the last two amendments were allowed, does not make moot the question as to whether the ruling on the demurrers to the caveat was erroneous. The questions raised by the demurrers to the caveat as amended are, therefore, before us for determination.

■ The 5th ground of the original caveat was, "That the said Daniel Henderson Davis was led to believe that the paper signed by him was his will, when, in truth, it was another and entirely different one, the contents of which he had no knowledge." This was demurred to generally and specially. The gravamen of the objection to the probate which is here set forth is that the alleged testator had no knowledge of the contents of the writing he signed.

If that be true, that fact alone would be sufficient to deny probate, no matter how or in what manner or by whom he was led to believe that the paper signed by him was his will. The demurrer to this ground of the caveat was properly overruled. Compare Code, § 113-305.

■ The propounders also demurred generally and specially to that ground of the caveat setting up that the will was executed under a mistake of fact as to the conduct of the caveatrix. The allegations of this ground are as follows: "Because the said will was executed by Daniel Henderson Davis under his mistake of fact as to the conduct of caveatrix, his only child, the mistake of fact under which testator labored and acted when making said alleged will being that he believed that caveatrix had spread false and scandalous rumors about him and his wife and had ceased to love him and hated him, and that she was threatening to take his life and had attempted to do so; that the alleged will was executed as the result of said mistake of fact; whereas, the caveatrix was wholly innocent of said conduct and had made no statements about her father and his wife, and did not hate him but still loved him; had made no threats against his life, nor was she plotting against his life." There were other facts alleged in other paragraphs to which the demurrer was also directed; but we construe these to set forth merely certain facts and circumstances surrounding the case which could be properly set forth for a clearer understanding of the grounds of the caveat actually presented. In 1 Page on Wills, sec. 170, it is said: "A mistake in inducement exists where testator is mistaken as to facts which cause him to draw up and execute the will that he does, where he intends to execute the very instrument that he did, but where he would not have executed such a will with full knowledge of the facts. The general rule is that a will is valid, even though made by reason of a mistake of fact; at least as long as such mistake does not concern the identity of the beneficiaries or of the property of which the will disposes." It has, in the absence of a statute to the contrary, been held uniformly, we believe, that a mistake as to the hostility of the heirs towards the testator, or the reason for which a testator dislikes the natural objects of his bounty, does not render the will invalid. 1 Page on Wills, sec. 171; Kidney's Will, 33 N. B. 9 (a Canada case); Ruffino's Estate, 116 Cal. 304 (48 Pac. 127); Kimberly's Appeal, 68 Conn.

428 (36 Atl. 847, 37 L. R. A. 261, 57 Am. St. R. 101); Maynard
v. Tyler, 168 Mass. 107 (46 N. E. 413); Stewart v. Jordan, 50
N. J. Eq. 733 (26 Atl. 706); Salter v. Ely, 56 N. J. Eq. 357 (39
Atl. 365); White's Will, 121 N. Y. 406 (24 N. E. 935); Martin
v. Thayer, 37 W. Va. 38 (16 S. E. 489); Ross v. Ross, 140 Iowa 51
(117 N. W. 1105). In section 173 of the same volume of 1 Page
on Wills, the author states that in Georgia, by statute, any mistake
of fact on the part of the testator as to the existence or conduct of
an heir invalidates a will as far as such heir is concerned. So de-
clares our Code, § 113-210. There was no error in refusing to
strike ground 4 of the caveat. *Bohler* v. *Hicks,* 120 *Ga.* 800 (3)
(48 S. E. 306); *Franklin* v. *Belt,* 130 *Ga.* 37 (4) (60 S. E. 146);
*Adams* v. *Cooper,* 148 *Ga.* 339 (2) (96 S. E. 858).

■ The ground of caveat dealing with monomania is as follows:
"The testator at the time of the execution of the will, and up to the
time of his death, was under the influence of an insane delusion in
relation to the caveatrix, his only daughter, that his daughter hated
him and was making scandalous and uncomplimentary remarks
against him and was plotting against his life, and she and her son,
Davis Aultman, were threatening his life and wanted to kill him;
that said insane delusion had no foundation in fact, but testator
was wholly incapable of being reasoned out of said delusion. Under
said delusion he was most unnatural, harsh, and offensive towards
caveatrix, his only child; . . he drove her from his home and
refused to speak to her or have anything to do with her, and . .
on several occasions tried to bring about financial embarrassment
and ruin to caveatrix, and without cause or reason violently abused
her and threatened to strike her." We are satisfied that the alle-
gations of this ground of the caveat were good as against the demur-
rers, general and special. Compare *Dibble* v. *Currier,* 142 *Ga.* 855
(83 S. E. 949, Ann. Cas. 1916C, 1); *Hall* v. *Burpee,* 176 *Ga.* 270
(168 S. E. 39).

■ The first amendment to the caveat begins with the statement
that caveatrix "amends her caveat so that the same when amended
shall read as follows." The preceding statement of facts contains
this amendment, and also so much of the propounders' demurrer
as attacked a portion of paragraph 1 thereof. That portion of
said amendment which charges that "said attitude, disposition, and
feeling by her father towards caveatrix was caused by representa-

tions, devices, or conduct on the part of Dannie Odom Davis, his wife, the exact words or conduct used by said Dannie Odom Davis being unknown to the caveatrix;" and that "said will was executed as the result of the fraudulent practices of his wife, Dannie Odom Davis, and she thereby accomplished her fraudulent scheme and purpose and caused caveatrix to be disinherited," was demurred to on the ground that conclusions only were stated, with no accompanying allegations of fact. The contention of the demurrants as to these grounds of the caveat must be sustained. They should have been stricken. *Pennington* v. *Perry,* 156 *Ga.* 103 (118 S. E. 710) ; *Jones* v. *Robinson,* 172 *Ga.* 746 (158 S. E. 752) ; *Peavey* v. *Crawford,* 182 *Ga.* 782 (187 S. E. 13, 107 A. L. R. 828). But it is argued that the error is harmless, because the judge, while charging the jury fully as to the law governing the other grounds, did not give in charge any law applicable to these particular grounds, and that he thus practically withdrew them from the consideration of the jury. The argument is not convincing. They were not stricken, nor, so far as this record shows, were they formally abandoned, nor was the jury instructed that they were not to consider these grounds. They remained as a part of the pleadings and were sent out with the jury. In one part of the judge's charge, in referring to the fact that the caveatrix had assumed the burden of proof and admitted a prima facie case, he said: "Prima facie means without anything additional, and she took over what the law says is the burden of proof, that is, to establish by preponderance of the evidence one or more of the grounds of the case." To establish one or more of the grounds of the caveatrix's case could mean nothing more nor less than to establish one or more of the grounds of her caveat as amended. In another part of the charge the judge instructed the jury as follows: "There is the original amendment, marked amendment No. 1, which includes the original petition filed in the court of ordinary, then you will find other amendments made to this paper. There you will have out with you—I believe I have in this collection of papers here the original petition filed in the court of ordinary—all of those papers will be out with you and you have a right to examine them if you see fit to do so." Thus, instead of eliminating from the consideration of the jury these four grounds, he indirectly called their attention

to them. The error, therefore, was not cured or rendered harmless.

■ During the progress of the trial, the propounders tendered their plea of estoppel against said caveatrix, and the same was allowed. Said plea alleged that, by and on account of divers business transactions between the caveatrix and the testator, certain gifts and other considerations were received by the caveatrix, to her advantage and benefit, from the testator, at and during a time when she claimed, under her caveat, that the testator was laboring under a monomania toward and as to her; and the propounders by said plea claimed that the caveatrix was estopped by her said acts from asserting said alleged monomania as a ground of caveat against the will of the testator, she having dealt with him as a sane person and to her advantage and gain during the alleged existence of such alleged monomania. To this plea, the caveatrix filed a demurrer on the ground that such plea did not constitute a defense as a matter of law, the demurrer was sustained, and the plea was disallowed by the court. There was no error in this ruling. While the averments set up in this plea afford facts which, if proved, might be used as admissions against the caveatrix, or to call for explanation on her part, they are not sufficient to operate as an estoppel. For one thing, the test of mental capacity is usually, not what was the condition of the mind over a series of years, but what was it at the moment the testamentary paper was executed. *Hillyer* v. *Ellis,* 171 *Ga.* 300 (155 S. E. 180); *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858); *Scott* v. *Gibson,* 194 *Ga.* 503 (22 S. E. 2d, 51). There is nothing necessarily inconsistent in having various business dealings with a person on a number of occasions and at different times, and in caveating an application to probate the will on the ground that at the moment the will was executed he was laboring under a delusion as to the conduct of the heir which affected the disposition that he undertook to make of his property. A person may be afflicted with monomania and laboring under a mistake of fact as to the conduct of an heir, and still be legally competent to transact business and to enter into contracts. There is nothing in the case of Hutchins *v.* Hutchins, 48 App. D. C. 495, relied on by the plaintiffs in error, to cause us to rule to the contrary, nor does any prior decision of this court cited by counsel constrain us to that end.

143

■   Whether or not the grounds of the motion for new trial, or any of them, were meritorious, will not be decided, since the error as to rulings on the pleadings, hereinbefore pointed out, rendered the trial before the jury nugatory.

*Judgment reversed. All the Justices concur.*