FEHN *et al. v.* SHAW, administrator.

No. 15248. SEPTEMBER 8, 1945.

*McClure & McClure,* for plaintiffs in error.

*Gleason & Painter* and *Shaw & Shaw,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The caveators offered a number of non-expert witnesses, who testified to having seen the testator several months before the will was executed, and stated that he began to break after the death of his second wife and was in bad condition mentally. ·The reasons given to support this non-expert testimony were that the testator was old, crippled, forgetful, easy to get mad, high-tempered, got to drinking, was more childish, frequently changed his mind, rambled in his conversations, jumping from one subject to another, and that sometimes he did not recognize the witnesses, although they had associated with him many times theretofore. None of the witnesses gave testimony sufficient to establish that the testator was mentally incapable of having a rational desire to dispose of his property. One witness thought that "it was just . . an old man gone bughouse." Another witness did not think he had enough judgment to know what he was doing in his business. These witnesses stated that they did not know what his mental condition was on March 20, 1939, the date when the will was executed. A third witness said that after the death of his second

wife, Louise, which was some eleven months before the will was executed, he was "unsound of mind because he did not know his right mind." This witness added that she did not remember the date when he became of unsound mind. Still another witness thought his mind got worse because "he just wandered around about the place," but, when asked the direct question, the witness stated that she did not know whether he was capable of having intelligent ideas about making a will and disposing of his property. The only witness for the caveators who testified that he saw the testator the month when the will was executed said that his mental condition on March 20, 1939, was pretty good, and he was all right at that time. While a physician testified concerning the testator's physical condition several months before the will was executed, he stated that he did not examine the testator from a standpoint of sanity, and declined to say whether or not he had sufficient mental capacity to enter into contracts and attend to his own business.

Where testamentary capacity is the issue, the controlling question to be determined is the condition of the mind at the time of the execution of the will. As tending to illustrate the mental condition at that time, evidence of such condition at other times may be received; but where it is sought to establish testamentary incapacity by such evidence, it does not controvert the positive testimony of the subscribing witnesses unless it would be proof of testamentary incapacity at the time the will was signed. *Hillyer* v. *Ellis,* 171 *Ga.* 300 (155 S. E. 180) ; *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858) ; *Scott* v. *Gibson,* 194 *Ga.* 503, 504 (22 S. E. 2d, 51) ; *Orr* v. *Blalock,* 195 *Ga.* 863 (25 S. E. 2d, 668) ; *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (2) (29 S. E. 2d, 42) ; *Lyons* v. *Bloodworth,* 199 *Ga.* 44 (33 S. E. 2d, 314) ; *Davis* v. *Aultman,* 199 *Ga.* 129 (33 S. E. 2d, 317).

Applying the above principle to the evidence in this case, there was nothing in the testimony taken as a whole, including that of the physician, which would have authorized a finding that when the will was executed Mr. Fehn did not possess testamentary capacity.

While the evidence showed that the testator devised his property to a third wife after having previously executed, on January 6, 1933, a joint will with his second wife, who was the stepmother

of the caveators, which will provided that all of their property should go to the survivor, and, if anything remained after the death of the survivor, it should go to the caveators, this was not sufficient to show such an unreasonable disposition of the property as would authorize the jury to find that the testator was mentally incapable of making a will.

Accordingly, the trial judge did not err in directing a verdict in favor of the propounder.

*Judgment affirmed. All the Justices concur, except Bell, C. J., Jenkins, P. J., and Head, J., who dissent.*